E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756
     Facsimile: (213) 894-6269
     E-mail:    Valerie.Makarewicz@usdoj.gov

AMANDA LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
BRIANNA M. GARDNER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
     450 Fifth Street NW, Suite 6400
     Washington, DC 20001
     Telephone: (202) 514-0515
     Facsimile: (202) 514-8742
E-mail:  Manu.J.Sebastian@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                 v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>            Defendant. | No. 23-CR-00021-JGB<br><br>OPPOSITION TO EX PARTE APPLICATION TO TRAVEL TO KANSAS CITY |

Plaintiff United States of America, by and through undersigned counsel, opposes the request to modify bond his bond and travel to Kansas City made by defendant, Jason Edward Thomas Cardiff.

```
Dated: December 21, 2023        Respectfully submitted,


                                E. MARTIN ESTRADA
                                United States Attorney

                                      /s/
                                VALERIE MAKAREWICZ
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA
```

## I. INTRODUCTION

After being arrested at LAX upon his return to the United States from Ireland, defendant secured bond, under several conditions, including using the goodwill of his personal attorney's girlfriend, and a friend.

Now, defendant want permission to travel to a different jurisdiction,[1] without his custodian and removing the monitoring conditions that he remain with his custodian at his place of residence with a curfew.

The government opposes defendant's request for bond modification to travel.

## II. FACTS

On January 31, 2023, a federal grand jury returned an Indictment against the defendant, charging him with access device fraud in violation of 18 U.S.C.§§ 1029(a)(5) and 2; aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2; and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(2)(B). Indictment.  Based on the charges in the Indictment, on January 31, 2023, the United States District Court for the Central District of California issued an arrest warrant for the defendant.

On November 26, 2023, the defendant was arrested by Customs and Bored Patrol at the LAX Airport in Los Angeles, California after returning to the United States. He made his initial appearance in the Central District of California on November 27, 2023. [Dkt. #7].  On November 30, 2023, the Court held a contested detention hearing,

---

[1] In his application, defendant fails to indicate which Kansas City he wants to travel too—Kansas City, Kansas, or Kansas City, Missouri, both of which are separate states and district court jurisdictions.

3

wherein defendant presented an unusual package to secure his over half-million dollar bond -- by the main residence of his personal attorney's girlfriend, who he had never met, and a smaller unsecured portion by his friend, Brian Kennedy. [Dkt. #14].

The Court placed further restrictions on defendant, including location monitoring, a curfew that restricted him to his approved residence in Texas, travel restrictions, and a custodian, Mr. Cochell. Furthermore, the Court allowed only 48 hours for defendant after his release to visit his father in the hospital before going to Texas. Id.

Exactly two weeks after being released upon his posting bond on December 6, 2023, defendant now wants permission to travel to another district for unspecified business meeting with shareholders for three days over New Years holkday.

**III. Argument**

As the Court is aware, the release of defendant on bond was quite contested by the government.  The Court was clear in its ruling that the bond package presented by defendant varied significantly from ones that the Court routinely approves.

Now, defendant wants permission to travel without his custodian, from the two districts wherein he is allowed to travel, with no curfew.  While defendant's Pretrial Services Officer and sureties of defendant's bond may have agreed to this travel, the government does not.

Defendant's travel plans without his custodian, Mr. Cochell, is in violation of Mr. Cochell's third-party custodian duties, which requires him to supervise the defendant.  [Dkt. #15].  The first order the Court has imposed upon Mr. Cochell is that he "supervise

4

the defendant/material witness..." Id. Mr. Cochell cannot follow the Court's order with defendant's proposed travel plan.

Defendant's travel, as presented, is unnecessary – no reason has been given as to why the meeting(s) are necessary to defendant's employment as CEO of his company. No schedule or itinerary has been provided to show the Court what business defendant will be accomplishing on his travel and why three days of travel is necessary. Only Mr. Kennedy has been identified as a person attending the meeting(s) with defendant. The government is unaware of any office or factory of defendant's company that is in Kansas City, Kansas or Missouri. Given the timing of the travel request, to the government, it appears defendant wishes to celebrate the new year holiday away from his custodian, approved travel districts, and his Court ordered obligations.

In order for him to travel, the Pretrial Services Officer has requested that his curfew be lifted, as according to him, it is nearly impossible to monitor when defendant is in a hotel. Officer Sherrod informed the government that he has only been able to accomplish a location visit with defendant and has not been able to meet further with him.

**IV. CONCLUSION**

Defendant's proposed trip will require the Court to trust that location monitoring will be enough to watch over defendant, and defendant will return to Texas when he says he will, a trust which the government does not believe has been established by defendant in the few days since he was able to post bond. The Court placed these conditions upon defendant for a particular reason – to ensure that defendant complies with all appearance for court proceedings and

5

ensure he does not flee the country. Defendant's proposed travel, along with the lifting of the custodian supervision and curfew, defeats the Court's intensions when it set defendant's bond.

    For the foregoing reasons, the United States respectfully requests that the Court deny defendant's request to travel.

Dated: December 21, 2023      Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

     /s/
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA