E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756
     Facsimile: (213) 894-6269
     E-mail:    Valerie.Makarewicz@usdoj.gov

AMANDA LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
     450 Fifth Street NW, Suite 6400
     Washington, DC 20001
     Telephone: (202) 514-0515
     Facsimile: (202) 514-8742
E-mail:  Manu.J.Sebastian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:23-00021-JGB |
| Plaintiff, | <u>PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION</u> |
| v. | |
| JASON EDWARD THOMAS CARDIFF, | |
| Defendant. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information ("PII"), filed by the government and defendant JASON EDWARD THOMAS CARDIFF ("defendant") in this matter on December 13, 2023, which this Court incorporates by reference

into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendant's alleged crimes, that is, violations of 18 U.S.C. § 1029(a)(5): access device fraud; 18 U.S.C. § 1028A(a)(1): aggravated identity theft; and 18 U.S.C. § 1512(b)(2)(B): witness tampering.

2. A protective order for the discovery is necessary so that the government can produce to the defense materials containing third parties' PII. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized

dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

    4. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

        a. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

        b. Confidential Information" refers to any document or information containing PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

        c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) attorney Stephen Cochell of the Cochell Law Firm; (4) defense investigators who are assisting defense counsel with this case; (5) retained experts or potential experts; and (6) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

<u>Terms of the Protective Order</u>

    5. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of

third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

     a.   The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

     b.   If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

     c.   Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

     d.   The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

     e.   At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

     f.   Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that

4

defendant is never left alone with any PII Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

      g.   Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

      h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

      i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see

1  Confidential Information; (2) not divulging to anyone other than
2  members of the Defense Team, defendant, witnesses, and potential
3  witnesses, the contents of Confidential Information; and (3) not
4  permitting Confidential Information to be outside the Defense Team's
5  offices, homes, vehicles, or personal presence.
6       j.   To the extent that defendant, the Defense Team,
7  witnesses, or potential witnesses create notes that contain, in
8  whole or in part, Confidential Information, or to the extent that
9  copies are made for authorized use by members of the Defense Team,
10 such notes, copies, or reproductions become Confidential Information
11 subject to the Protective Order and must be handled in accordance
12 with the terms of the Protective Order.
13      k.   The Defense Team shall use Confidential Information
14 only for the litigation of the instant criminal case and for no
15 other purpose.  Litigation of this matter includes any appeal filed
16 by defendant and any motion filed by defendant pursuant to 28 U.S.C.
17 § 2255 pertaining to the instant criminal case.  In the event that a
18 party needs to file Confidential Information with the Court or
19 divulge the contents of Confidential Information in court filings,
20 the filing should be made under seal.  If the Court rejects the
21 request to file such information under seal, the party seeking to
22 file such information publicly shall provide advance written notice
23 to the other party to afford such party an opportunity to object or
24 otherwise respond to such intention.  If the other party does not
25 object to the proposed filing, the party seeking to file such
26 information shall redact any PII Materials make all reasonable
27 attempts to limit the divulging of PII Materials.
28

l. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m. Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

n. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become

7

the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

      o.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

      p.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

IT IS SO ORDERED.

December 28, 2023
DATE

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
VALERIE L. MAKAREWICZ
Assistant United States Attorney

8