AMANDA LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
SHEILA BERMAN
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
        450 Fifth Street NW, Suite 6400
        Washington, DC 20001
        Telephone: (202) 514-0515
        Facsimile: (202) 514-8742
E-mail:   Manu.J.Sebastian@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0756
        Facsimile: (213) 894-6269
        E-mail:   Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-CR-00021-JGB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JASON EDWARD THOMAS CARDIFF, | |
| Defendant. | CURRENT TRIAL DATE: 9/3/24 PROPOSED TRIAL DATE: 2/4/25 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz and Department of Justice Trial Attorneys Manu J. Sebastian and Sheila Berman, and defendant JASON EDWARD THOMAS CARDIFF ("defendant"), both individually and by and through his counsel of record, Stephen R. Cochell, hereby stipulate as follows:

1.    The Indictment in this case was made public on November 27, 2023.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on the same date.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 5, 2024.

2.    On November 27, 2023, the Court set a trial date of January 23, 2024, and a status conference on January 8, 2024.

3.    On January 11, 2024, the parties applied for a continuation of the trial date to April 23, 2024.

4.    On January 19, 2024, the Court granted the continuation and set the trial date for April 23, 2024, and a status conference on April 8, 2024.

5.    On March 19, 2024, the parties applied for a continuation of the trial date to June 11, 2024, and a status conference on May 20, 2024.

6.    On March 29, 2024, the Court granted the continuation and set the trial date for June 11, 2024, and a status conference on May 20, 2024

7.    On April 8, 2024, Defendant filed a Motion to Dismiss the Indictment with Prejudice and requested a hearing date of May 6, 2024.

8.    On April 10, 2024, the government filed an *ex parte* application requesting the Court enter a briefing and hearing schedule setting the due date for the government's response as April 22, 2024, the due date for the defendant's reply as May 6, 2024, and the motion hearing date as May 20, 2024.

9.    On April 12, 2024, the Court granted the government's *ex parte* application and set the briefing and hearing schedule detailed above.

10.    On May 16, 2024, the Court on its own motion continued the status conference and motion hearing date from May 20, 2024, to June 3, 2024.

11.    On May 24, 2024, the parties applied for a continuation of the trial date to September 3, 2024, and a status conference on August 19, 2024.

12.    On May 31, 2024, the Court granted the continuation and set the trial date for September 3, 2024, and a status conference on August 19, 2024.

13.    On June 13, 2024, the Court denied the Defendant's Motion to Dismiss.

14.    On July 17, 2024, Counsel Stephen G. Larson, filed a Motion to Withdraw as Counsel for Jason Cardiff, which the Court denied.

15.    On July 25, 2024, Counsel Stephen G. Larson, filed a Second Motion to Withdraw as Counsel for Jason Cardiff, which the Court granted.

16.    On August 15, 2024, Defendant requested the Court continue the August 19, 2024 status conference, which the Court continued to August 26, 2024.

17.  On August 19, 2024, Counsel Stephen R. Cochell filed an application to appear Pro Hac Vice on behalf of Defendant Jason Edward Cardiff, and Counsel Allan Howard Grant consented to designation as local counsel.

18.  The application to appear Pro Hac Vice is pending with the Court.

19.  Defendant is out on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

20.  By this stipulation, defendant moves to continue the trial date to February 4, 2025, and the status conference date to January 13, 2025.  This is the fourth request for a continuance.

21.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.   Prior counsel has withdrawn, and new counsel has filed a pending Pro Hac Vice application to represent defendant.

    b.   The Government has produced over seven and a half million documents to the defendant.

    c.   In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

        d.   Defendant believes that failure to grant the continuance will deny him adequate representation.

        e.   The government does not object to the continuance.

        f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    22.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 3, 2024 to February 4, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii)/(iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    23.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional

time periods from the period within which trial must commence.

　　　IT IS SO STIPULATED.

Dated: August 22, 2024          Respectfully submitted,

                                AMANDA N. LISKAMM
                                Director, Consumer Protection Branch
                                U.S. Department of Justice

                                E. MARTIN ESTRADA
                                United States Attorney

                                MACK E. JENKINS
                                Assistant United States Attorney
                                Chief, Criminal Division


                                _____/s/_____
                                MANU J. SEBASTIAN
                                SHEILA BERMAN
                                Trial Attorneys

                                VALERIE L. MAKAREWICZ
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

1    I am Jason Cardiff's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than February 4, 2025, is an

7  informed and voluntary one.

8  _____          __8-22-24_____
   XXXX                                Date
9  Attorney for Defendant
   JASON CARDIFF

10

11

12    I have read this stipulation and have carefully discussed it

13  with my attorney. I understand my Speedy Trial rights.  I voluntarily

14  agree to the continuance of the trial date and give up my right to be

15  brought to trial earlier than February 4, 2025.

16  _____          __8/20/24_____
   JASON CARDIFF                       Date
17  Defendant

18

19

20

21

22

23

24

25

26

27

28