Stephen R. Cochell
Admitted Pro Hac Vice
srcochell@gmail.com
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>　　　　Defendant. | Case No. 5:23-CR-00021-JGB<br><br>**DECLARATION OF JASON CARDIFF IN SUPPORT OF MOTION TO DISMISS COUNT 2 OF THE INDICTMENT**<br><br>[*Filed concurrently with Notice of Motion and Motion to Dismiss Count 2 of the Indictment and [Proposed] Order*] |

COCHELL LAW FIRM

1

DECLARATION OF JASON CARDIFF ISO MOTION DISMISS COUNT 2 OF THE INDICTMENT

## **DECLARATION OF JASON CARDIFF**

I, Jason Cardiff, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Motion Dismiss Count 2 of the Indictment.

2. This declaration is submitted under the protections of *Simmons v. United States*, 390 U.S. 377 (1968) and the United States Constitution. Pursuant to *Simmons* and my constitutional rights, I would object to the use of this declaration for any purpose beyond the Court's adjudication of my Motion to Dismiss Indictment with Prejudice.

3. I am the CEO and founder of Redwood Scientific Technologies. From June 2015 through approximately July 2018, our company utilized the LimeLight CRM, also known as Sticky, to process customer orders. Throughout this period, LimeLight CRM was the only system we used to manage and process these transactions, and we had no other method or system in place to take customer orders without it.

4. We selected LimeLight (Sticky) as our vendor from the beginning because of its PCI compliance. PCI compliance ensures that <u>once a customer's credit card information was entered into Limelight, it was immediately tokenized and securitized and not available to anyone within the company or outside of it.</u>

5. A current version of Limelight's terms and conditions are attached as **Exhibit 1**, but the terms and conditions relating to its policies and practices are virtually identical to the terms and conditions applicable to Redwood.

- At Section 1, Policies Limelight makes it clear that the customer must comply with various laws. At Section 3, Limelight states that it has and will continue to be PCI

compliant with laws relating to privacy and data security with regards to its use, access and storage of Client Data.

- Section 13b shows Sticky requires the Client maintain the security of its data in accordance with PCI DSS (Payment Card Industry Data Security standard) or any other standard communicated by stick.io

- Section B of ETHOCA standards requires all customer to maintain security of data (including Confirmed Fraud Data) in accordance with PCI DSS or other standards communicate by sticky.io.

6. All customer orders were entered into LimeLight CRM. Orders could be placed directly by customers through our product websites, which securely transmitted credit card details to LimeLight CRM for processing. LimeLight, as a third-party vendor, was responsible for the tokenization and securitization of customer credit card information. Once a customer's credit card information was entered on the website and the customer confirmed the transaction, the credit card number was tokenized and secured by LimeLight, ensuring that no one, including myself, had access to the credit card numbers.

7. Orders were also accepted through our phone room, where staff entered them directly into the LimeLight CRM system. At no time did I, or anyone at Redwood Scientific Technologies, have access to customers' credit card account numbers once they were entered into the LimeLight system.

8. Importantly, at no time did we impersonate any of our customers or misrepresent our identity to them. Every transaction was conducted transparently, and we always presented ourselves as Redwood Scientific Technologies. My conduct was strictly related to the transactional management of customer orders, and there was no misrepresentation of identity involved.

9. Each time a customer was charged for a product, we ensured the

product was shipped to the customer along with a transaction receipt, a packing slip, and an order confirmation that clearly identified the purchase and our company details.

10. While reports could be generated for each customer, the credit information was automatically redacted and was not available to anyone at Redwood.

11. Additionally, we provided a customer service hotline, allowing customers to contact us directly if they had any questions or concerns about their purchases.

12. This is a summary of my testimony. I reserve the right to supplement and/or clarify if called as a witness at trial.

13. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on the 9th of September 2024 at Houston, Texas.

*/s/ Jason Cardiff*