Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>          Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**JASON CARDIFF'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 3 AND 4 OF THE INDICTMENT**<br><br>Hearing Date: January 30, 2024<br>Courtroom: 1<br>Time:  2:00 p.m. |

1

# <u>TABLE OF CONTENTS</u>

2

TABLE OF CONTENTS ................................................................................. ii
TABLE OF AUTHORITIES ......................................................................... iii
JASON CARDIFF'S MOTION TO DISMISS COUNTS 3 AND 4 OF THE
INDICTMENT................................................................................................ 1
NOTICE.......................................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES............................... 2
I.    INTRODUCTION ................................................................................. 2
II.   LEGAL STANDARD FOR DISMISSAL ........................................... 3
III.  STATEMENT OF FACTS.................................................................... 4
IV.  ARGUMENT ......................................................................................... 6
    A.  The *Aguilar* and *Anderson* Decisions.................................................. 6
    B.  There Is No Nexus Between The Alleged Decision To Destroy
    Documents And an Official Proceeding.................................................. 8
V.   Conclusion ............................................................................................. 9

1

## **TABLE OF AUTHORITIES**

2

**Case Law**

3

4

*Arthur Anderson, LLP v. United States*, 544 U.S. 696 (2005) ………………….. 3, 6-9

5

*Pettibone v. United States*, 148 U.S. 197 (1893) …………………………...… 3, 7

6

*U.S. v. Carter*,  2006 WL 997867 (E.D. Cal., Apr. 17, 2006) ……………………….. 4

7

8

*U.S. v. Jones*,  542 F.2d 661 (6th Cir. 1976) …………………………………… 4

9

*U.S. v. Phillips*, 367 F.3d 846 (9th Cir. 2004) ………………………………… 4

10

*U.S. v. Rojas-Pedroza*, 716 F.3d 1253 (9th Cir. 2013) ……………………….… 4

11

12

*U.S. v. Shortt Accountancy Corp.*, 785 F.2d 1448 (9th Cir. 1986) ………………….. 3

13

*United States v. Aguilar*, 515 U.S. 593 (1995) ………………………………… 3, 6-9

14

15

**Rules**

16

Fed. R. Crim. P. 12(b)(3)(B)(v) ………………………………………………... 4

17

18

19

20

21

22

23

24

25

26

27

28

1
2

### JASON CARDIFF'S MOTION TO DISMISS COUNTS 3 AND 4 OF THE INDICTMENT

3

### NOTICE

4
5
6
7
8
9
10
11

PLEASE TAKE NOTICE that on _____, at 2:00 p.m. in the courtroom of the Honorable Jesus G. Bernal, United States District Judge, Defendant Jason Cardiff, by and through his attorneys of record, Stephen R. Cochell and Allan Grant hereby move this Honorable Court for an order dismissing Counts 3 and 4 of the Indictment against Defendant as prosecution of this case subjects Defendant to double jeopardy in violation of the Fifth Amendment to the United States Constitution.  If required, Cardiff requests an evidentiary hearing to further develop the record in support of this Motion.

12
13
14

This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Stephen R. Cochell, all files and records in this case, and any further evidence as may be adduced at the hearing on this Motion.

15
16
17
18

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 27, 2024 (and previously) when counsel for the Government indicated that the Government opposes this Motion.

19
20

Respectfully submitted,

21
22
23
24
25
26

*/s/ Stephen R. Cochell*
Stephen R. Cochell
SBN: 24044255
The Cochell Law Firm, P.C.
5850 San Felipe, Ste 500
Houston, Texas 77057
(346) 800-3500 – Telephone
srcochell@gmail.com

27
28

COCHELL
LAW FIRM

1
2
3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Indictment charges Mr. Cardiff with, among other things, Destruction of Evidence, 18 U.S.C. § 1512(b)(2)(B).  On August 8, 2017, the FTC issued a Civil Investigative Demand ("CID") to Redwood Scientific Technologies, Inc. ("Redwood"). There were ultimately proceedings filed by the FTC to compel compliance with the CID.  Documents were provided to the FTC although there was alleged deficiencies in the production, which were  being addressed when the FTC filed its lawsuit.  The proceedings were dismissed with prejudice after the FTC filed its lawsuit.

The Indictment charges that Mr. Cardiff knowingly and corruptly persuaded another person to alter, destroy, mutilate and conceal emails and electronic records with intent to impair the integrity and availability of the objects for use in official proceedings, namely, civil and administrative proceedings before the United District Court for the Central District of California and the Federal Trade Commission. Crim. Dkt. 1.[1]

Section 1512(b)(2)(B) provides, in pertinent part, that:

(**b**)Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(**B**) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability <u>for use in an official proceeding;…</u>(emphasis supplied)

As set out below, the Government must establish a nexus between the alleged

---

[1] For purposes of clarity, counsel will identify documents in the instant case as "Crim. Dkt." with the docket number and documents filed in the CID proceeding will be referred to as "CID Dkt." and the docket number.

acts of obstruction and a *legal proceeding* reflecting that defendant was acting knowingly and corruptly persuading another person to destroy documents. *United States v. Aguilar*, 515 U.S. 593, 599 (1995).

In *Aguilar*, the Supreme Court construed a similarly worded statute holding that "a person is not sufficiently charged with obstructing or impeding the due administration of justice in a court unless it appears that he knew or had notice that justice was being administered in such court. *Aguilar*, at 599 citing *Pettibone v. United States*, 148 U.S. 197 (1893). A person lacking knowledge of a pending proceeding necessarily lacks the "evil intent" to obstruct. Id. The action taken must be with an intent to influence judicial proceedings. Stated otherwise, the act must have a relationship in time, causation, or logic with the judicial proceedings. Id. Thus, a defendant must know or be able to foresee that his actions are likely to affect a judicial proceeding. *Id.* at 599.

In *Arthur Anderson, LLP v. United States*, 544 U.S. 696 (2005), the Court reaffirmed that there must be a nexus between the destruction of documents and a legal proceeding. Id. at 707. As in *Aguilar*, the Court held that: "if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding,…" he lacks the requisite intent to obstruct." *Id* at 708, quoting *Aguilar*, at 599. Based on the discovery provided by the Government, there is no evidence that Cardiff ordered employees to destroy documents because he "knew or had notice that justice was being administered in that court.". **Exhibit A**, Ex. 1. Declaration of Stephen Cochell (hereafter "Cochell Dec.").

Accordingly, the Court should dismiss Counts Three and Four, which charges Mr. Cardiff with tampering.

## II.    LEGAL STANDARD FOR DISMISSAL

"Rule 12(b) of the Federal Rules of Criminal Procedure permits any defense "which is capable of determination without the trial of the general issue" to be raised

by pretrial motion." *U.S. v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). "A pretrial motion is generally 'capable of determination' before trial if it involves questions of law rather than fact. *Id.* "However, 'a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.'" *Id.* (citing *U.S. v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976)). As such, Rule 12(b) allows a defendant may move to dismiss the pleadings on the basis of a "defect in the indictment or information" and a "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

When a motion to dismiss an indictment is based on uncontested facts, the Court is "faced with a pure issue of law, which it ha[s] to decide because no good cause existed to defer its ruling until trial." *U.S. v. Phillips*, 367 F.3d 846, 855 (9th Cir. 2004); *see also id.* at n. 25 ("Because neither party contested the facts, the district court neither 'invade[d] the province of the" jury nor determined an element of the offense.'"), cited with approval in *U.S. v. Rojas-Pedroza*, 716 F.3d 1253, 1261 (9th Cir. 2013); *see also U.S. v. Carter*, 2006 WL 997867, at *2 (E.D. Cal., Apr. 17, 2006) ("The existence of undisputed facts obviates the need for the district court to make factual determinations properly reserved for a jury.").

### III.  **STATEMENT OF FACTS**

1. On August 8, 2017, the FTC served a Civil Investigative Demand ("CID") on Redwood. The CID advised Redwood that the Commission was going to determine whether Redwood violated Sections 5 and 12 of the Act, violated the Restore Online Shoppers Confidence Act, (ROSCA) and whether Commission action to obtain monetary relief would be in the public interest. **Exhibit A**, Ex. 1. Declaration of Stephen Cochell (hereafter "Cochell Dec.")

2. On January 16, 2018, the Hon. Judge S. James Otero issued a Show Cause Order as to why the Court should not enter an Order enforcing the

CID.  **Exhibit A**, Cochell Dec., Ex. 2 (CID Dkt. 12)

3.     On April 23, 2018, the Court entered an order continuing the Show Cause Hearing to May 29, 2018.  **Exhibit A**, Cochell Dec., Ex. 3 (CID Dkt. 25).

4.     On May 29, 2018, Defendants counsel advised the Court that a third party discovery company would copy and produce the database. **Exhibit A**, Cochell Dec., Ex. 4 (CID Dkt. 28).

5.     On June 12, 2018, the Court entered an Order to update the Relativity database.  **Exhibit A**, Cochell Dec., Ex. 5 (CID Dkt. 29).

6.     Other proceedings were held to follow up on alleged deficiencies in the Relativity data base produced by Lighthouse **Exhibit A**, Cochell Dec., Ex. 6, 7 ( CID Dkt. 37, 39)

7.     A Status Conference was set for September 10, 2018 which was complicated by counsel's absence. **Exhibit A**, Cochell Dec., Ex. 8 (CID Dkt. 41).

8.     Due to Ms. Green's absence, the Court re-set the Status Conference for September 11, 2018.  **Exhibit A**, Cochell Dec., Ex. 9 (CID Dkt. 42).

9.     On October 10, 2018, the FTC filed its Complaint under seal.  Crim. Case Dkt. 1.

10.     On October 12, 2018, the FTC filed a Joint Status Report on Civil Contempt Proceedings.  **Exhibit A**, Cochell Dec., Ex.10.

11.     On October 18, 2018, the Parties entered into a stipulation for dismissal of the CID Case.  **Exhibit A**, Cochell Dec. Ex. 11.

12.     On October 12, 2018, the Receiver entered the premises pursuant to an asset receivership order.   In the weeks that followed, the Receiver took possession of the Cardiff family's personal bank accounts and

1    Redwood's bank accounts.  **Exhibit A,** Cochell Dec. Ex 13.

2    13.    On October 19, 2018, the Court entered an Order Dismissing the Petition For

3    An Order Enforcing Civil Investigative Matter without prejudice. status

4    report to be filed by October 12, 2024. **Exhibit A**, Cochell Dec., Ex. 12

5    14.    Counts 3 and 4 of the Indictment allege "Between in or about April 1018 and

6    May 2018," Defendant "knowingly and corruptly" persuaded another person

7    ("G.N." and "D.W." respectively) to destroy emails and electronic records

8    "with intent to impair the integrity and availability of the objects for use in

9    official proceedings, namely civil and administrative proceedings before the

10    United States District Court and the United States Federal Trade Commission."

11    Crim. Case Dkt. 1.

12    15.    Discovery in this case does not reveal that Defendant anticipated or foresaw

13    filing of an "official proceeding" prior to filing of the FTC lawsuit.  **Exhibit**

14    **A,** Cochell Dec. ¶ 13.

15    **IV.    ARGUMENT**

16        **A. The *Aguilar* and *Anderson* Decisions**

17        In *United States v. Aguilar*, 515 U.S. 593 (1995), a federal judge was charged

18    with obstruction by lying to a federal agent about his knowledge of a wiretap and by

19    disclosing the wiretap even though the authority for the wiretap had expired.

20        The Court found that uttering false statements to an investigating agent who

21    might or might not testify before a grand jury was insufficient to make out a violation

22    of the obstruction statute at issue--18 U.S.C. § 1503.  The Government failed to prove

23    that the agents acted as an arm of the grand jury or that the grand jury summoned the

24    testimony of the agents.  *Id*. Merely knowing of the existence of a grand jury proceeding

25    was also found insufficient because it did not establish that Aguilar knew that his

26    testimony would be provided to the grand jury.  *Id*. at 601. The Court specifically

27    rejected the Government's view that Aguilar must have understood that his false

28

1  statements would be provided to the grand jury and that he made the statements to

2  thwart the grand jury investigation  and not just the FBI investigation.  Id. at 600.

3      The Court held that the government must establish that "a person is not

4  sufficiently charged with obstructing or impeding the due administration of justice in a

5  court unless it appears that he knew or had notice that justice was being administered

6  in such court. *Aguilar*, at 599 citing *Pettibone v. United States*, 148 U.S. 197 (1893).  A

7  person lacking knowledge of a pending proceeding necessarily lacks the "evil intent"

8  to obstruct.  *Id*.  The action taken must be undertaken with an intent to influence judicial

9  proceedings.

10     In *Arthur Anderson, LLP v. United States*, 544 U.S. 696 (2005), the Court

11 reversed a jury verdict where the jury instructions failed to convey the requisite

12 consciousness of wrongdoing.  The Court, in *Anderson*, reaffirmed that there must be a

13 nexus between the destruction of documents and a legal proceeding. *Id*. at 707.  In

14 *Anderson*, the facts showed that the CEO refused to answer questions during a call with

15 financial analysts because of "potential lawsuits, as well as the SEC inquiry." *Id*. at 701.

16 One of the senior partners at Anderson circulated an article discussing the SEC's

17 response to Enron.  His e-mail stated:" the problems are just beginning and we will be

18 in the crosshairs. The marketplace is going to keep the pressure on this and is going to

19 force the SEC to be tough." *Id*. During that time, Enron's executives were shredding

20 documents pursuant to a company document retention policy. *Id*. at 701-702.

21     The Court found that the jury instructions failed to instruct the jury on the correct

22 standard for intent. In fact, the district court instructed jurors that they could find

23 defendant guilty if he intended to "subvert undermine or impede governmental

24 factfinding by suggesting to employees that they enforce the document retention

25 policy." *Id*. at 706.   In sum, dishonesty was not necessary to a finding of guilt, and it

26 was enough to have impeded the Government's fact-finding ability. Id. The Supreme

27 Court held that:

28      Only persons conscious of wrongdoing can be said to

7

> 'knowingly…corruptly persuade.' And limiting criminality to persuaders conscious of their wrongdoing sensibly allows § 1512 be to reach only those with the level of' culpability we usually require in order to impose criminal liability.

*Id*. at 706.

The Court also reversed because the jury was not instructed that the Government had to prove a nexus between the decision and acts to destroy documents and any particular proceeding.

> In resisting any type of nexus element, the government relies heavily on §1512 (e)(1) which states that an official proceeding "need not be pending or about to be instituted at the time of the offense." It is, however, one thing to say that a proceeding "need not be pending or about to be instituted at the time of the offense," and quite another to say a proceeding need not even be foreseen. A "knowingly corrupt… persuader" cannot be someone who persuades others to shred documents under a document retention policy when he does not have in contemplation any particular official proceeding in which those documents might be material.

*Id*. at 708 As in *Aguilar*, the Court held that: "if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding,…" he lacks the requisite intent to obstruct." *Id* at 708, quoting *Aguilar*, at 599.

### B. There Is No Nexus Between The Alleged Decision To Destroy Documents And an Official Proceeding.

The Government produced millions of pages of discovery, including Memoranda of Interviews ("MOI's). <u>There is no evidence that, in April or May, 2018, Mr. Cardiff was aware of a lawsuit by the FTC.</u>  **Exhibit B**, Cardiff Dec. ¶ 4. Nor is there any evidence that the FTC was authorized to bring a lawsuit or whether the Commission would authorize a lawsuit against Redwood. Indeed, the FTC was actively investigating

8

1  Mr. Cardiff for at least six months from the point of the alleged dates of destruction
2  until the case was brought.  If the FTC was not sure of bringing a potential lawsuit that
3  required a vote by the commission that had not even taken place, it is crystalline clear
4  that Mr. Cardiff nor did anyone know if a FTC lawsuit was in the future

5    At the time of the alleged destruction, the FTC was in the midst of investigating
6  and simply gathering information to determine what, if anything, it might do to address
7  its concerns.  Mr. Cardiff, in turn, was like a lot of business owners faced with a CID
8  for the first time looking at producing a lot of documents and relying on his staff people
9  to respond to 22 interrogatories and 16 document requests that were extremely broad.
10  When it became clear that this approach was not working, Mr. Cardiff retained
11  Lighthouse, a third party provider, to help get documents loaded onto Relativity to
12  provide the documents to the FTC.  **Exhibit A**, Cochell Dec. ¶ 4

13    As set out in *Aguilar* and *Anderson*,  a defendant must know or be able to foresee
14  that his actions are likely to affect a judicial proceeding "a person is not sufficiently
15  charged with obstructing or impeding the due administration of justice in a court unless
16  it appears that he knew or had notice that justice was being administered in such court."
17  *Aguilar*, at 599.  Because Mr. Cardiff did not know, and could not reasonably foresee
18  a legal action, he lacked the "evil intent" to obstruct official proceedings that were not
19  instituted for six months after the alleged destruction.

20    **V.** **Conclusion**

21    The Government cannot prove that there was an "official proceeding" pending
22  at the time of the alleged destruction of documents.  There is no indication as to when
23  the Commission authorized a lawsuit against Mr. Cardiff until it filed its Complaint on
24  October 10, 2018---six months after the alleged destruction of document occurred.
25  Because there was no official proceeding at the time alleged in the Indictment, Jason
26  Cardiff could not have possibly been aware of any official proceeding as required under
27  Section 1512(b)(2)(B).  Counts 3 and 4 must be dismissed.

28    WHEREFORE, Defendant requests this Honorable Court dismiss Counts 3 and

1  4 of the Indictment.

2      Dated:  December 2, 2024

3

4                                    By:  /s/ Stephen R. Cochell

5                                         Stephen R. Cochell

6                                         Attorney for Defendant

7                                         JASON EDWARD THOMAS CARDIFF

8

9                             **<u>SERVICE LIST</u>**

10  I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN
    SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO
11  AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O
    NEXT GEN ELECTRONIC FILING SYSTEM:
12
    E. Martin Estrada United
13  States Attorney Mack E.
    Jenkins
14  Assistant United States Attorney Chief, Criminal Division
    Ranee A. Katzenstein
15  Assistant United States Attorney Chief, Criminal Division
    Valerie Makarewicz
16  Assistant United States Attorney Major Frauds Section
    1100 United States Courthouse
17  312 North Spring Street
    Los Angeles, CA 90012
18  Telephone: (213) 894-0756 Facsimile: (213) 894-6269
    E-mail: Valerie.Makarewicz@usdoj.gov
19
    Amanda Liskamm
20  Director, Consumer Protection Branch Manu J. Sebastian
    Brianna M. Gardner
21  Trial Attorneys
    Consumer Protection Branch
22  U.S. Department of Justice
    450 Fifth Street NW, Suite 6400 Washington, DC 20001
23  Telephone: (202) 514-0515 Facsimile: (202) 514-8742
    E-mail: Manu.J.Sebastian@usdoj.gov
24          Brianna.M.Gardner@usdoj.gov

25                                    */S/ Stephen R. Cochell*
                                       Stephen R. Cochell
26

27

28