Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**JASON CARDIFF'S *EX PARTE* APPLICATION FOR CONTINUANCE OF TRIAL DATE**<br><br>*[Filed concurrently with Declaration of Stephen R. Cochell and [Proposed] Order]* |

**CONTACT INFORMATION FOR OPPOSING COUNSEL PURSUANT TO L.R. 7-19**

MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
450 Fifth Street, NW, Suite 6400S
Washington, D.C. 20001
Telephone: (202) 514-0515

Facsimile: (202) 514-8742
Email: Manu.J.Sebastian@usdoj.gov

VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0756
Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

## APPLICATION

Defendant Jason Cardiff, by and through respective counsel of record, hereby move the Court *ex parte* to continue the trial date in this matter from February 4, 2025. <u>On December 3, 2024, Counsel for Defendant conferred at length with Valerie Makarewicz and Manu Sebastian who oppose a continuance, but do not object to filing of this matter as an ex parte application.</u> Defendant requests a five-month continuance of the trial to July, 2025. Defendant was arraigned on November 27, 2023 and was represented by the Larson Firm for seven months before their withdrawal by Counsel. The undersigned counsel has represented Defendant as counsel in this case since August 22, 2024, *barely three months*. While substantial work has been accomplished on behalf of Mr. Cardiff, counsel submits that a continuance of the current trial date is necessary to effectively prepare a defense for Mr. Cardiff.

In considering a continuance, a court considers: (1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the government; and (4) the extent to which the defendant would suffer harm if the continuance was denied." *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)) (granting motion to continue trial). "The fourth factor is the

most important."

As set out below, counsel entered an appearance in this case in September 2024 and has prepared and filed four substantive motions that, if granted, either result in dismissal of the Indictment or limit the evidence that may be introduced at trial by the Government. Unexpected events have limited the time available for counsel to effectively prepare for trial on February 4, 2024. First, counsel lost his full-time associate who opened his own firm. Secondly, and more importantly, Mr. Cardiff has been unavailable for trial preparation due to his unexpected illness while in Dublin, Ireland and is being tested and evaluated by medical professional. Third, counsel had undertaken a trade secret matter for a long-standing client prior to entering an appearance in this case. Counsel subsequently had to divert time to file a trade secret action, obtain injunctive relief and take expedited depositions on behalf of a long standing client which resolved in early November, 2024. In short, counsel has not had sufficient time to effectively prepare a trial defense given the factual complexity of this case and the unexpected absence of his client.

Counsel filed two substantive motions with this court on December 2, 2024 seeking dismissal of the Indictment based on double jeopardy and dismissal of Count 3 and 4 of the Indictment because the FTC's CID proceedings were not an official proceeding within the meaning of 18 U.S.C. §1512(b)(2)(B). Counsel set the hearing dates for December 30, 2024. The Government has requested additional time within which to respond to the motions. If granted, the motion to dismiss based on double jeopardy obviates the need for both Defendant and Government counsel to prepare for trial. A continuance of the trial date will provide the Court and all counsel with time to move the hearing date from December 30, 2024 to a later date in January affording all counsel time to resolve this motion without unnecessary expenditure of time and resources. Similarly, the Court will have additional time to resolve the four pending motions.

I.  **Diligence in Preparation of Defense**

A. The Larson Firm:

Defendant was arraigned on November 27, 2023 (Dkt. 7). Defendant was previously represented by Steve Larson, Hilary Potashner, Jonathan Gershon, Alix K. Zelener and a team of other lawyers and paralegals with the Larson firm. The Larson team entered an appearance on December 14, 2023. (Dkt. 14). On April 8, 2024, the Larson firm filed a motion to dismiss based on parallel prosecution, which was denied by the Court on June 13, 2024. (Dkt. 45, 79) On July 17, 2024, Mr. Larson then moved to withdraw over Mr. Cardiff's objection, who opposed the motion because he did not want to lose the *team* of people representing him. (Dkt. 85).

The Court denied Mr. Larson's motion to withdraw on July 24, 2024. (Dkt. 91). On July 25, 2024, this Court granted Mr. Larson's second motion to withdraw from the case. (Dkt. 95). On August 19, 2024, counsel applied to enter an appearance pro hac vice in this case. (Dkt. 99). The Court granted the application on August 22, 2024. (Dkt. 100).

It is apparent that the Motion to Dismiss Indictment based on due process and parallel prosecution was novel and required substantial time and resources to prepare and file that motion.

B. The Cochell Firm

The Court approved counsel's application pro hac vice and entry of appearance on August 22, 2024. (Dkt. 100). On September 9, 2024, counsel filed a Motion to Dismiss Count 2 pursuant to *Dubin v. United States,* 599 U.S. 110 (2023) (Dkt. 106).[1] The Government filed its reply on September 23, 2024. (Dkt. 111).

On September 9, 2024, counsel also filed a Motion to Suppress Evidence based on illegal search and seizure. The Government filed its reply on September 23, 2024.

---

[1] Counsel agreed to an extension of time for the Government to prepare its response to the above motions. (Dkt. 108).

(Dkt. 110). The motion was unique and presented novel questions of law regarding search and seizure within the context of a receivership.

On October 7, 2024, counsel filed a Reply Brief to both the Motion to Dismiss Count 2 (Dkt. 114) and the Motion to Suppress Evidence (Dkt. 115). The *Dubin* motion also presented novel questions of law that have not been routinely litigated in federal courts.

A hearing was held on these two motions on October 21, 2024. The Court has not yet ruled on these two motions.

On October 24, 2024, counsel filed an application for Defendant to travel overseas and to assist his wife with medical issues. (Dkt. 122) Mr. Cardiff traveled to Ireland on November 5, 2024 and planned to return on November 19, 2024. Unfortunately, Mr. Cardiff experienced severe medical symptoms that prompted his General Practitioner to write that he should not fly until a full medical examination is conducted and appropriate treatment provided. Thus, on November 15, 2024, counsel filed an *Ex Parte* Application requesting an Order Extending International Travel until December 20, 2024. The Government opposed the request questioning the credentials of his treating physicians. (Dkt. 126, 129). Counsel filed a reply to the Government's claims. (Dkt. 127) and manually lodged Mr. Cardiff's medical records for Dr. Stafford and Dr. Byrne, which substantiated Mr. Cardiff's medical condition. (Dkt 132). The Court granted the extension of time for purposes of medical testing, evaluation and treatment. (Dkt. 133).

On December 2, 2024, counsel filed a Motion to Dismiss Counts 3 and 4 based on two Supreme Court decisions, *United States v. Aguilar* and *United States v. Arthur Anderson*. (Dkt. 134). Counsel also filed a Motion to Dismiss the Indictment Based on Double Jeopardy based on Supreme Court decisions that limit the power of executive agencies. (Dkt. 137).

On December 2, 2024, counsel filed a Motion to Dismiss the Indictment Based on Double Jeopardy (Dkt. 137). This motion is novel because there appears to be only

a couple of cases addressing the issue of whether a separation of powers violation by an executive agency renders the Receiver's actions void ab initio and consequently violates the Double Jeopardy clause.

In summary, counsel has been actively engaged in representing Mr. Cardiff on four substantive motions that potentially affect the outcome of the case by way of dismissal or, in the alternative, limitation on evidence. Regardless of outcome, the motions were carefully researched and submitted to the Court.

C. Review of Discovery

The discovery in this case includes approximately 3.5 million documents. While there are some documents that can be ruled out in terms of review, there are still far too many documents that must be *analyzed* and reviewed with the client prior to trial. The Stipulated Protective Order does not allow Defendant to review the documents unless his lawyer is present, which further limits the resources for document review and trial preparation. Counsel also had other substantial litigation matters that required some of his time in the last two months. This included an emergency matter filed on September 30, 2024 for a long-standing client involving theft of trade secrets.[2] *Maintenance of Way Equipment Services v. Corie Garcia*, Case No. 24-DCV-321736, Fort Bend District Court, Fort Bend, Texas. That case was resolved barely a month later.

At the point of entering the case, counsel had a full-time associate working with the Firm. Approximately two months ago, Jonathan Slotter established his own firm and has not been available to support review of discovery documents and trial preparation and has been winding down his time on Cochell Law Firm cases. Thus, counsel has essentially been operating as a solo practitioner in this particular case.

D. Mr. Cardiff's Health

Counsel is informed that Mr. Cardiff's recent health problems have been further

---

[2] Counsel started working on that matter earlier in August, 2024.

substantiated by testing. He is awaiting a further workup and review by other specialists. Counsel expects to receive medical records to understand Mr. Cardiff's medical picture. His short-term prognosis is uncertain.

Except for phone calls and review of declarations prepared by counsel and submitted to the Court, Mr. Cardiff has been largely unavailable to assist counsel in trial preparation due to his medical condition. Defense of this case requires intensive review of the documents with Mr. Cardiff. His prolonged absence has prevented sufficient time to prepare for trial. This fact, standing alone, warrants continuance of the February 4, 2025 trial date.

Defendant requests a reasonable amount of time necessary for effective trial preparation. Given the unique facts of a case that goes back to 2017 starting with the FTC civil case, the Indictment of this case, millions of pages of documents, five months is reasonable.

## II. The Continuance Will Satisfy the Needs of the Defendant

Review of the voluminous discovery can be accomplished within the additional four months requested. Subject to the results of medical testing, counsel anticipates that Mr. Cardiff will return to the United States by November 20, 2024 to assist counsel in trial preparations. Counsel can prepare the case for trial within the extended time period.

## III. Inconvenience to the Court and the Government

Counsel cannot speak for the Court but it does not appear that continuance would inconvenience the Court. In their pre-motion conference, the Government expressed some concern about the memories of witnesses.[3] However, the Government did not initiate criminal charges for almost five years after the FTC action concluded. The amount of time necessary to conduct discovery and

---

[3] Counsel notes that the Government has produced detailed memoranda of interviews of various witnesses that can be used to refresh witness memories.

complexity of proceedings is not unusual when over 3 million-plus documents are produced in discovery along with issues of parallel prosecution, double jeopardy and suppression of evidence.

### IV.  Defendant Will Suffer Harm If The Continuance Is Denied.

Mr. Cardiff, through no fault of his own, became seriously ill barely six weeks before trial and his condition is uncertain. Counsel unexpectedly became a solo practitioner and has diligently defended Mr. Cardiff filing four substantive motions that required substantial time to prepare. Resolution of these motions may well result in dismissal or help streamline the case for trial. Pretrial resolution of the double jeopardy motion or dismissal of Counts 2, 3, and 4 would save the parties the cost of preparing for trial.

Counsel needs additional time to review the millions of documents to effectively prepare for trial, and needs to be able to confer with this client about potential exhibits. Counsel has reviewed the memoranda of interviews, but has not had sufficient time to review the voluminous discovery documents that support or negate the facts alleged by each potential witness. Denial of a continuance will likely deprive Mr. Cardiff of a fair trial as counsel has not had sufficient time to effectively prepare for trial.

### V.  Conclusion.

Mr. Cardiff's unexpected illness and absence literally weeks before the pretrial conference and trial is devastating to Defendant's effective pretrial preparation of this case. The Court should also grant continuance due to the pending motions which present substantial issues that could result in either dismissal, partial dismissal or exclusion of evidence that will greatly affect the parties' need to prepare for trial. Counsel has acted with due diligence to raise significant issues for the Court's consideration but has had to divert time to conflicting matters which, combined with loss of his associate, made it impossible to effectively prepare for trial as scheduled.

The ends of justice served by a continuance outweigh the best interest of the

public and the Government in a speedy trial. Failure to grant continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation. Granting continuance until July 2025 is therefore in the best interest of justice.

WHEREFORE, Defendant requests this Honorable Court grant continuance of the pre-trial and trial dates until July 2025, or as otherwise approved by the Court.

Respectfully submitted,

*/s/ Stephen R. Cochell*
Stephen R. Cochell
SBN: 24044255
The Cochell Law Firm, P.C.
5850 San Felipe, Ste 500
Houston, Texas 77057
(346) 800-3500 – Telephone
srcochell@gmail.com

## SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada
United States Attorney
Mack E. Jenkins
Assistant United States Attorney Chief, Criminal
Division Ranee A. Katzenstein
Assistant United States Attorney Chief, Criminal
Division Valerie Makarewicz
Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring
Street Los Angeles,
CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm
Director, Consumer Protection Branch Manu J. Sebastian
Brianna M. Gardner
Trial Attorneys
Consumer Protection Branch

9
JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING INTERNATIONAL TRAVEL
AND RETURNING HIS PASSPORT

U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
Brianna.M.Gardner@usdoj.gov

*/S/ Stephen R. Cochell*
Stephen R. Cochell

JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING INTERNATIONAL TRAVEL AND RETURNING HIS PASSPORT

## SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada
United States Attorney
Mack E. Jenkins
Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein
Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz
Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756
Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm
Director, Consumer Protection Branch
Manu J. Sebastian
Brianna M. Gardner
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400
Washington, DC 20001
Telephone: (202) 514-0515
Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
        Brianna.M.Gardner@usdoj.gov

*/S/ Stephen R. Cochell*
Stephen R. Cochell