AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>          Defendant. | No. 5:23-CR-00021-JGB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 3 AND 4 OF THE INDICTMENT**<br><br>Date:          January 13, 2025<br>Time:          2:00 p.m.<br>Courtroom:    1 |

     Plaintiff United States of America, by and through its counsel

of record, the Consumer Protection Branch of the United States

Department of Justice and Trial Attorney Manu J. Sebastian, and the

United States Attorney for the Central District of California and

1

Assistant United States Attorney Valerie L. Makarewicz, hereby

submits this Opposition to Defendant's Motion to Dismiss Counts 3 and

4 of the Indictment.

Dated December 23, 2024:            Respectfully submitted,


                                    AMANDA N. LISKAMM
                                    Director
                                    Consumer Protection Branch

                                    E. MARTIN ESTRADA
                                    United States Attorney


                                    ____/s/_____
                                    MANU J. SEBASTIAN
                                    Trial Attorney
                                    VALERIE L. MAKAREWICZ
                                    Assistant United States Attorney


                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

                                                                    **Page**

I.   INTRODUCTION..................................................1

II.  STATEMENT OF FACTS............................................3

III. LEGAL STANDARDS..............................................9

     A.   Rule 12(b) Motions......................................9

     B.   The existence of a "nexus" between the obstructive act
          and an official proceeding is a question of fact for
          the jury..............................................11

IV.  Argument....................................................13

     A.   Defendant's Motion Should Be Denied....................13

     B.   The CID, the enforcement proceeding regarding the CID,
          and the FTC's lawsuit are all official proceedings.....14

          1.   The CID itself was an official proceeding as it
               was before a Federal Government agency which is
               authorized by law................................15

          2.   The CID enforcement proceeding was also an
               official proceeding before a judge in the United
               States District Court for the Central District of
               California.......................................17

          3.   The FTC's *Ex Parte* Application for a TRO began a
               third foreseeable official proceeding............19

III. CONCLUSION..................................................21

i

# TABLE OF AUTHORITIES

### FEDERAL CASES

Anderson LLP v. United States,
  544 U.S. 696 (2005) .............................................. 11

Seila Law LLC v. Consumer Fin. Prot. Bureau,
  591 U.S. 197 (2020) .............................................. 16

United States v. Aguilar,
  515 U.S. 593 (1995) .............................................. 11

United States v. Barletta,
  644 F.2d 50 (1st Cir. 1981) ...................................... 10

United States v. Black,
  469 F. Supp. 2d 513 (N.D. Ill. 2006) ............................ 12

United States v. Boren,
  278 F.3d 911 (9th Cir. 2002) ..................................... 9

United States v. Brimager,
  No.13-CR-02381 JM, 2014 WL 1515867 (S.D. Cal. Apr. 17, 2014) ..... 13

United States v. Buckley,
  689 F.2d 893 (9th Cir. 1982) ..................................... 9

United States v. Caicedo,
  47 F.3d 370 (9th Cir. 1995) ...................................... 9

United States v. Cervantes,
  No. 16-10508, 2021 WL 2666684 (9th Cir. June 29, 2021) ....... 17, 20

United States v. Erikson,
  561 F.3d 1150 (10th Cir. 2009) .................................. 16

United States v. Ermoian,
  752 F.3d 1165 (9th Cir. 2013) ................................... 15

United States v. Jensen,
  93 F.3d 667 (9th Cir. 1996) ...................................... 9

United States v. Jones,
  542 F.2d 661 (6th Cir. 1976) .................................... 10

United States v. Meza,
  No. 15CR3175 JM, 2017 WL 1371102 (S.D. Cal. Apr. 7, 2017), aff'd,
  800 F. App'x 463 (9th Cir. 2020) ................................ 12

United States v. Moyer,
  726 F. Supp. 2d 498 (M.D. Pa. 2010) ............................... 12

United States v. Nukida,
  8F.3d 665 (9th Cir. 1993) .................................... 1, 10

United States v. Orrock,
  No. 216CR00111JADCWH, 2018 WL 7254703 (D. Nev. Dec. 3, 2018),
  report and recommendation adopted, No. 2:16-CR-0111-JAD-CWH, 2019
  WL 187866 (D. Nev. Jan. 14, 2019) ................................ 12

United States v. Quattrone,
  441 F.3d 153 (2d Cir. 2006) ...................................... 16

United States v. Ramos,
  537 F.3d 439 (5th Cir. 2008) ..................................... 15

United States v. Rand,
  No. 3:10-CR-182-RJC-DSC, 2011 WL 4498866 (W.D.N.C. July 27, 2011),
  report and recommendation adopted, No. 3:10-CR-182, 2011 WL 4498845
  (W.D.N.C. Sept. 27, 2011) ........................................ 12

United States v. Rasheed,
  663 F.2d 843 (9th Cir. 1981) ..................................... 16

United States v. Ring,
  628 F. Supp. 2d 195 (D.D.C. 2009) ................................ 12

United States v. Schafer,
  625 F.3d 629 (9th Cir. 2010) ..................................... 11

United States v. Shortt Accountancy Corp.,
  785 F.2d 1448 (9th Cir. 1986) ................................ 10, 11

United States v. Smith,
  866 F.2d 1092 (9th Cir. 1989) .................................... 10

United States v. Snyder,
  428 F.2d 520 (9th Cir. 1970) ..................................... 11

United States v. Thordarson,
  646 F.2d 1323 (9th Cir. 1981)) .................................... 9

United States v. Triumph Capital Group,
  260 F.Supp.2d 470 (D. Conn. 2003) ................................ 13

United States v. Williams,
  644 F.2d 950 (2nd Cir. 1981) ..................................... 10

STATUTES

15 U.S.C. §
    45...........................................................19
    52...........................................................19
    53............................................................8
    53(b)........................................................20
    1693–1693r...................................................8
    8401–05......................................................8

18 U.S.C. §
    1028A(a)(1)–(2)..............................................8
    1029(a).......................................................8
    1512..................................................1, 8, 12
    1515(a)(1)...........................................15, 17


REGULATIONS

16 C.F.R. § 310.4(b)(1)(v)........................................8

RULES

Fed. R. Crim. P. 7................................................1

Fed. R. Crim. P. 12(b)(3).........................................9

Page(s)

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3          Defendant's Motion to Dismiss Counts 3 and 4 of the Indictment

4  should be denied because it does not raise an issue that is properly

5  heard under Rule 12(b) of the Federal Rules of Criminal Procedure.

6  The Indictment in this case properly charges Defendant with two

7  counts of witness tampering, in violation of 18 U.S.C.

8  § 1512(b)(2)(B). Although Defendant states that his motion is based

9  on a defect in the indictment and the failure to state an offense, he

10 fails to establish that the indictment does not meet the requirements

11 of Fed. R. Crim. P. 7 or that the allegations in the indictment do

12 not state an offense. Instead, Defendant raises a factual dispute

13 about whether Defendant's obstructive conduct had a nexus to an

14 official proceeding. That determination is properly decided by the

15 jury at trial. A Rule 12(b) motion to dismiss is not a proper way to

16 raise a factual defense. United States v. Nukida, 8F.3d 665, 669 (9th

17 Cir. 1993) (cleaned up).

18         Even if the Court decides to consider Defendant's claim at this

19 stage, the Indictment clearly points to proceedings that the jury may

20 decide are official proceedings for purposes of the tampering

21 statute. The Indictment alleges that Defendant corruptly persuaded

22 two individuals to destroy documents "with the intent to impair the

23 integrity and availability of the objects for use in official

24 proceedings, namely civil and administrative proceedings before the

25 United States District Court for the Central District of California

26 and the United States Federal Trade Commission." As explained below,

27 Defendant's company received a civil investigative demand (CID),

28 which is an official proceeding before the FTC. When his company did

1 not comply, the FTC filed an enforcement action in this Court to

2 force his company to comply, which is also an official proceeding.

3 While the enforcement action was pending, Defendant engaged in the

4 criminal conduct alleged in Counts 3 and 4. The FTC then sued

5 Defendant in this Court, another official proceeding that was

6 foreseeable to Defendant when he received the FTC's CID.

7     Defendant focuses solely on the lawsuit the FTC filed against

8 him, ignoring that both the CID and the FTC's enforcement proceeding

9 are official proceedings. But Defendant's argument contradicts his

10 own admission on the second page of the motion that there were

11 "proceedings filed by the [Federal Trade Commission] to compel

12 compliance with the [civil investigative demand]." Def. Mot. at 2:7-

13 8. He also completely disregards the fact that his timeline of events

14 references the docket entries of the enforcement action, an official

15 proceeding in this Court. Id. at 4-5.

16     Importantly, Defendant neglects to include in his timeline that

17 he stipulated to an order compelling production of documents related

18 to the CID within this official court proceeding, was compelled by

19 Judge Otero to produce such documents, and subsequently instructed

20 his staff to withhold and destroy those same documents that were the

21 subject of the order to compel rather than producing them as the

22 Court ordered him to. See Federal Trade Commission v. Redwood

23 Scientific Technologies, Case No. 2:17-cv-07921 (C.D. Ca.).

24 /

25 /

26 /

27 /

28 /

## II.   STATEMENT OF FACTS

On August 8, 2017, the Federal Trade Commission ("FTC") issued a Civil Investigative Demand ("CID"), signed by FTC Commissioner Terrell McSweeny, one of five FTC Commissioners nominated by the President and confirmed by the Senate, to Defendant's company, Redwood Scientific Technologies, Inc. ("Redwood"), directed to the attention of Defendant, "Jason Cardiff, President and Chief Executive Officer." Def. Mot. Ex. 1-1. This 18-page compulsory legal demand listed the FTC Matter as No. 1723117 and required Redwood to respond by September 6, 2017, with, among other things, answers to interrogatories and documents responsive to the requests contained therein. Id. Defendant's company, however, failed to comply with the CID.

On October 30, 2017, the FTC filed a Petition For an Order Enforcing Civil Investigative Demand in the United States District Court for the Central District of California. FTC v. Redwood, Case No. 2:17-cv-07921 (C.D. Ca.), Dkt. 1 ("hereinafter FTC v. Redwood"). The FTC also filed a Memorandum of Points and Authorities to support the petition. Id. at Dkt. 2.

On November 1, 2017, the case was assigned to District Judge Percy Anderson and Magistrate Judge Alicia G. Rosenberg. Id. at Dkt. 6. On November 21, 2017, the case was transferred to Judge S. James Otero and Magistrate Judge Paul L. Abrams, as it was related to another case against Redwood, Massachusetts Medical Society v. Redwood Scientific Technologies Corporation, Case No. 2:17-cv-0338-SJO-PLA, (C.D. Ca). Id. at Dkt. 8. On November 27, 2017, Judge Otero entered an Initial Standing Order providing the parties with information on the case and the rules that govern it. Id. at Dkt. 9-

3

10.

On January 16, 2018, Judge Otero entered an Order to Show Cause setting a hearing date for January 29, 2018. Id. at Dkt. 12. The relevant documents (including the initial standing order) were served on Green, the attorney for Defendant's company, who had been communicating with the FTC since the issuance of the CID. Id. at Dkt. 13.

On January 24, 2018, Defendant's company, along with the FTC, filed a stipulation for an order to compel compliance with the CID and vacating the show cause hearing. Id. at Dkt. 16.

On January 25, 2018, pursuant to the parties' stipulation, Judge Otero entered an Order Compelling Compliance with Civil Investigative Demand and Vacating Hearing. Id. at Dkt. 17. This order required Redwood to produce material responsive to the CID by February 9, 2018. Id.

Defendant's company again failed to produce documents. On February 26, 2018, the FTC filed a status report informing the court of such and on March 5, 2018, the FTC filed an application for an order to show cause why Redwood should not be held in contempt. Id. at Dkt. 18-19.

On March 6, 2018, Judge Otero issued another Order to Show Cause directing Redwood to show cause as to why it should not be held in contempt and setting a hearing date of April 9, 2018. Id. at Dkt. 20. The relevant documentation was served on Green shortly thereafter. Id. at Dkt. 21. On March 20, 2018, another Order to Show Cause was entered by Judge Otero moving the hearing date to April 23, 2018. Id. at Dkt. 22. The relevant documentation was served on Green by email. Defendant was also personally served and served by Fed Ex. Id. at

4

1  Dkt. 23.

2      By April 17, 2018, Defendant's company had only produced a total

3  of 81 documents to the FTC. Id. at Dkt. 24. Only one email exchange

4  was produced to the FTC. Id. The FTC filed a reply in support of

5  their application for an order to show cause informing the Court that

6  the Defendant's company continued to be noncompliant with the CID and

7  the order compelling compliance. Id. On April 23, 2018, the Court

8  held a Show Cause hearing where Green represented to the Court that

9  all of the documents Redwood was compelled to produce would be turned

10 over by May 25, 2018. Id. at Dkt. 25-26. The Court set a new Show

11 Cause hearing for May 29, 2018. Id. at Dkt. 25.

12     On April 27, 2018, the FTC provided a comprehensive 7-page

13 search term list that would assist Redwood in searching Defendant's

14 and his employees' emails for documents responsive to the CID. Id. at

15 Dkt. 26-3. Defendant received that document from Green and forwarded

16 it to Danielle Walker (formerly known as Danielle Cadiz), Redwood's

17 Director of Operations. See Ex. 1, April 27, 2018 Search Term Email.

18     Unbeknownst to the Court and the FTC, while this litigation was

19 occurring over Redwood's compliance with the CID, the Defendant

20 instructed his staff to destroy documents responsive to the CID and

21 impede the ongoing court proceeding and the FTC's investigation.

22 Defendant emailed his staff on April 30, 2018, instructing them that

23 they were "in the drivers [sic] seat" when it came to the documents

24 the company produced and subsequently instructed his staff to use the

25 search terms provided by the FTC to destroy documents responsive to

26 the CID. See Ex. 2, April 30, 2018 Production Email; see also Ex. 3,

27 Dec'l of Danielle Walker, Redwood Director of Operations, FTC v.

28 Jason Cardiff, No. 5:18-cv-02104-DMG-PLA (C.D. Cal.), Dkt. 424-1 ¶19.

5

On May 22, 2018, the FTC filed another status report with the
Court informing it of Redwood's noncompliance. FTC v. Redwood, Dkt.
26. During an April 19, 2018 conference call, Green identified other
sources of responsive material, including a Google Drive account, a
web-based customer relationship management database called
"Limelight," 10 individual workstations, and individual Google email
accounts. Id. Green also informed the FTC by email on April 22 that
Redwood retained Lighthouse eDiscovery to assist in the document
production effort. Id. Redwood, however, continued to fail to produce
the required documents. Id. The FTC informed the Court that this
continued failure to comply with the CID impeded the FTC's official
investigation. Id.

At the Show Cause hearing on May 29, 2018, Green informed the
Court that Redwood would produce the remaining material they were
compelled to produce by June 13, 2018. Id. at Dkt. 28. The Court set
the next Show Cause Hearing for June 14, 2018. Id.

On June 12, 2018, Judge Otero entered an Order requiring Redwood
to take additional steps to provide the documents from the additional
sources Green previously identified. Id. at Dkt. 29. On June 13,
2018, Green filed a request for extra time to comply with the June
12th order and Judge Otero denied the request. Id. at Dkt. 30, 32.

On July 13, 2018, the FTC filed a status report informing the
Court that Defendant's company continued to fail to comply with the
previous court orders compelling compliance. Id. at Dkt. 37.

On August 2, 2018, the FTC filed another status report informing
the Court that Defendant's company had not resolved any of the issues
reported in the July 13, 2018 status report and that Redwood
continued to fail to comply with the previous court orders compelling

1 compliance. Id. at Dkt. 39.

2      On August 29, 2018, the Court scheduled a status conference for

3 September 10, 2018. Id. at Dkt. 40. Redwood's counsel did not appear

4 on September 10, 2018, and the Court continued the matter to

5 September 11, 2018. Id. at Dkt. 41. Redwood's counsel was unavailable

6 for the September 11, 2018 hearing so the hearing was continued to

7 September 17, 2018. Id. at Dkt. 42-43. After conferring with counsel

8 on September 17, another hearing was then set for October 22, 2018.

9 Id. at Dkt. 43.

10      According to the FTC, following the September 17 hearing,

11 Redwood's counsel provided supplemental responses to the CID's

12 document requests and interrogatory responses on September 24, 2018.

13 Id. at Dkt. 44. Redwood, however, continued to fail to produce

14 "updated information about sales, refunds, and consumer complaints to

15 the date of final and complete production as required by the CID."

16 Id.

17      On October 3, 2018, the FTC filed a sealed Ex Parte Application

18 for a Temporary Restraining Order against the Defendant and his

19 companies in another action before Judge Otero. FTC v. Cardiff, et

20 al., Case No. 5:18-cv-02104 (C.D. Ca.). Dkt. 1. The FTC also filed a

21 sealed Complaint for Permanent Injunction and Other Relief. Id. at

22 Dkt. 2.

23      Finding evidence that Defendant violated the Federal Trade

24 Commission Act ("FTCA"), on October 10, 2018, the Court granted the

25 FTC's request for a Temporary Restraining Order, appointed a

26 Receiver, and permitted the FTC and Receiver "immediate access" to

27 Defendant's business premises. Id. at Dkt. 3. On October 12, 2018,

28 the FTC and Receiver executed the immediate access. Id. at Dkt. 52.

7

That same day, the FTC filed a status report in <u>FTC v. Redwood</u> informing the Court that Redwood provided supplemental responses to the CID's document requests and interrogatories on September 24, 2018. Dkt. 44. The FTC informed the court that material responsive to the CID was still missing and that Green had advised the FTC that the remaining material was being compiled. <u>Id.</u>

On October 18, 2018, the parties filed a joint stipulation to dismiss the CID enforcement action and on October 19, 2018, Judge Otero ordered the action be dismissed without prejudice. <u>Id.</u> at Dkt. 45- 46.

The Court in <u>FTC v. Jason Cardiff, et al.</u>, on October 9, 2020, granted summary judgement on 16 different counts: 13 violations of the FTCA, 15 U.S.C. § 53, and violations of the Restore Online Shoppers' Confidence Act("ROSCA"), 15 U.S.C. §§ 8401-05, the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.4(b)(1)(v). Dkt. 511.

On March 1, 2022, the Court entered a permanent injunction against Defendant, his wife, and all their related companies prohibiting Defendant from continuing his fraudulent behavior. <u>Id.</u> at Dkt. 705-706.

On January 31, 2023, a federal grand jury sitting in the Central District of California returned and filed the Indictment against Defendant, charging him with access device fraud in violation of 18 U.S.C.§§ 1029(a) Sections 5 and 2; aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1)-(2); and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(2)(B). <u>Indictment</u>, Dkt. 1.

1    **III. LEGAL STANDARDS**

2        **A.    Rule 12(b) Motions**

3        Federal Rule of Criminal Procedure 12(b)(3) specifies that the

4    following defenses, objections, and requests must be raised in a

5    pretrial motion: (A) a defect in instituting the prosecution; (B) a

6    defect in the indictment or information; (C) suppression of evidence;

7    (D) severance of charges or defendants under Rule 14; and (E)

8    discovery under Rule 16. The basis for the motion must be reasonably

9    available and the motion must be determined without a trial on the

10   merits. Id. A permissible pretrial motion arguing a defect in the

11   indictment or information includes: (i) joining two or more offenses

12   in the same count; (ii) charging the same offense in more than one

13   count; (iii) lack of specificity; (iv) improper joinder; and (v)

14   failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B).

15       In ruling on a pre-trial motion to dismiss counts in an

16   indictment for failure to state an offense, "the court is bound by

17   the four corners of the indictment." United States v. Boren, 278 F.3d

18   911, 914 (9th Cir. 2002) (citing United States v. Jensen, 93 F.3d

19   667, 669 (9th Cir. 1996); United States v. Caicedo, 47 F.3d 370, 371

20   (9th Cir. 1995); United States v. Buckley, 689 F.2d 893, 897 (9th

21   Cir. 1982); United States v. Thordarson, 646 F.2d 1323, 1337 n. 25

22   (9th Cir. 1981)). "[T]he court must accept the truth of the

23   allegations in the indictment" as the "indictment either states an

24   offense or it doesn't." Id. (internal citations removed). A motion to

25   dismiss the counts of an indictment "cannot be used as a device for

26   summary trial of the evidence." Id. (internal citations and

27   quotations removed).

28

1    "Most defenses. . . require factual determinations that the jury
2    should make, rendering pretrial disposition inappropriate." United
3    States v. Smith, 866 F.2d 1092, 1096 n.5 (9th Cir. 1989). The
4    district court may make preliminary findings of fact if necessary to
5    decide the questions of law presented "so long as the court's finding
6    on the motion do not invade the province of the ultimate finder of
7    fact." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452
8    (9th Cir. 1986) (quoting United States v. Jones, 542 F.2d 661, 664
9    (6th Cir. 1976) (footnote omitted)). "The district court must decide
10   the issue raised in a pretrial motion before trial if it is entirely
11   segregable from the evidence to be presented at trial." Id. (quoting
12   United States v. Barletta, 644 F.2d 50, 57-58 (1st Cir. 1981). If the
13   pretrial claim is "substantially founded upon and intertwined with
14   evidence concerning the alleged offense, the motion falls within the
15   province of the ultimate finder of fact" and the jury must be allowed
16   to make such a finding. Id. (quoting United States v. Williams, 644
17   F.2d 950, 952-53 (2nd Cir. 1981). If the issue raised is not
18   "entirely segregable from the evidence presented at trial, but also
19   does not require review of a substantial portion of that evidence,"
20   discretion lies with the court to defer decision. Id. (citing
21   Barletta, 644 F.2d at 58).

22   A Rule 12(b) motion to dismiss, however, is not a proper way to
23   raise a factual defense. United States v. Nukida, 8F.3d 665, 669 (9th
24   Cir. 1993)(citing United States v. Smith, 866 F.2d 1092, 1096 n.3
25   (9th Cir. 1989)("Rule 12(b) motions are appropriate to consider such
26   matters as former jeopardy, former conviction, former acquittal,
27   statute of limitations, immunity, and lack of jurisdiction," not a
28   factual defense)(internal quotations omitted); United States v.

Snyder, 428 F.2d 520, 522 (9th Cir. 1970), cert. denied, 400 U.S. 903, 27 L. Ed. 2d 139, 91 S. Ct. 139 (1970); see also United States v. Schafer, 625 F.3d 629, 636 (9th Cir. 2010). If a "pretrial motion raises factual questions associated with the validity of the defense, the district court cannot make those determinations." Schafer, 625 F.3d at 636 (citing Shortt Accountancy Corp., 785 F.2d at 1452).

**B.   The existence of a "nexus" between the obstructive act and an official proceeding is a question of fact for the jury.**

Pursuant to the statute charged in Counts 3 and 4, 18 U.S.C. § 1512(b)(2)(B),

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, with intent to cause or induce any person to alter, destroy mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceedings shall be fined under this title or imprisoned not more than 20 years, or both.

There must be a "nexus" – the obstructive act must have a relationship in time, causation, or logic - with the official proceeding. United States v. Aguilar, 515 U.S. 593, 599-600 (1995); Arthur Anderson LLP v. United States, 544 U.S. 696, 708 (2005). A person lacking knowledge that his actions are likely to affect an official proceeding lacks the requisite intent to obstruct. Aguilar, 515 U.S. at 599. A conviction, however, is proper if interference with the official proceeding is the natural and probable effect of the defendant's conduct. Id. An official proceeding need not be pending or about to be instituted at the time of the offense.[1] 18 U.S.C. § 1512(f)(1).

---

[1] Defendant's claim that the government must prove "that there was an official proceeding pending at the time of the alleged destruction of documents" is wrong and is exactly the opposite of

*(footnote cont'd on next page)*

1      While the Government must ultimately prove the existence of a

2   nexus as described in Aguilar and Andersen, it is a question of fact

3   for the jury, not the court in a pretrial motion. United States v.

4   Meza, No. 15CR3175 JM, 2017 WL 1371102, *4 (S.D. Cal. Apr. 7, 2017),

5   aff'd, 800 F. App'x 463 (9th Cir. 2020). The Supreme Court's "nexus"

6   requirement for certain obstruction statutes is a matter of proof,

7   rather than a pretrial pleading and should not be a basis for

8   dismissal of an obstruction count. United States v. Orrock, No.

9   216CR00111JADCWH, 2018 WL 7254703, *2 (D. Nev. Dec. 3, 2018), report

10  and recommendation adopted, No. 2:16-CR-0111-JAD-CWH, 2019 WL 187866

11  (D. Nev. Jan. 14, 2019)(citing United States v. Meza, 2017 WL 1371102

12  at *4-*5); see also United States v. Ring, 628 F. Supp. 2d 195, 224

13  (D.D.C. 2009)(holding that the nexus requirement is a jury question);

14  United States v. Moyer, 726 F. Supp. 2d 498, 510-11 (M.D. Pa. 2010)

15  (nexus is an element which must only be proven to the jury beyond a

16  reasonable doubt); United States v. Rand, No. 3:10-CR-182-RJC-DSC,

17  2011 WL 4498866, *3 (W.D.N.C. July 27, 2011), report and

18  recommendation adopted, No. 3:10-CR-182, 2011 WL 4498845 (W.D.N.C.

19  Sept. 27, 2011) ("Numerous courts have held that while the Government

20  must prove a nexus between the defendant's conduct and an official

21  proceeding at trial, the Indictment need not allege any such nexus.";

22  United States v. Black, 469 F. Supp. 2d 513, 543 (N.D. Ill. 2006)("a

23  factual determination that the government cannot prove a nexus. . .

24  is a determination for the jury, not the Court"); United States v.

25  Triumph Capital Group, 260 F.Supp.2d 470, 475 (D. Conn. 2003)

26

27

28  what is written in the statute. Def. Mot. at 9:21-22 (internal
    quotations omitted).

12

(government need not allege nexus in indictment; nexus need only be established at trial).

A motion to dismiss focusing on a lack of nexus "essentially requires the court to make a factual determination best left for a jury, not the court." United States v. Brimager, No. 13-CR-02381 JM, 2014 WL 1515867, *5 (S.D. Cal. Apr. 17, 2014).

**IV.    Argument**

### A.    Defendant's Motion Should Be Denied

Defendant has improperly used a Rule 12(b) motion to dismiss to raise a factual defense to the charges in the Indictment that should be left to the trial jury to decide. Specifically, Defendant argues that Counts 3 and 4 should be dismissed because he does not believe there was a nexus between his obstructive act and an official proceeding. Def. Mot. at 3:18-22. Defendant fails to show, however, any deficiency in the "four corners of the indictment." See Boren, 278 F.3d at 914.

A defendant is guilty of obstruction of justice if he:

> knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, with intent to cause or induce any person to alter, destroy mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding.

18 U.S.C. § 1512(b)(2)(B). The Indictment charges:

> Between in or about April 2018 and May 2018, in Riverside County, within the Central District of California, and elsewhere, defendant JASON EDWARD THOMAS CARDIFF knowingly and corruptly persuaded another person, namely [person] to cause and induce [person] to alter, destroy, mutilate, and conceal an object, namely, e-mails and electronic records, with intent to impair the integrity and availability of the objects for use in official proceedings, namely, civil

13

and administrative proceedings before the United States District Court for the Central District of California and the United States Federal Trade Commission.

See Dkt. 1.

Counts 3 and 4 of the Indictment track the language in 18 U.S.C. § 1512 (b)(2)(B). Defendant instructed his employees to destroy documents and records that the Court ordered him to produce in and for official proceedings. As described in more detail below, there were three different official proceedings that the Defendant obstructed: (1) the FTC CID; (2) the FTC CID enforcement action in this Court; and (3) the FTC lawsuit beginning with a temporary restraining order and ending with a permanent injunction and a summary judgement finding against Defendant, also in this Court. Counts 3 and 4 of the Indictment properly state the offenses. Defendant's argument as to the "nexus" of the obstructive act and the official proceedings is a finding of fact for the jury to decide.

Accordingly, the Defendant's Motion to Dismiss Counts 3 and 4 should be denied.

**B.    The CID, the enforcement proceeding regarding the CID, and the FTC's lawsuit are all official proceedings.**

Even if this Court were to determine that Defendant's Rule 12(b) motion to dismiss is a proper way to determine if the Indictment sufficiently alleges that Defendant obstructed an official proceeding, then the Motion to Dismiss Counts 3 and 4 should be denied because the CID, the enforcement proceeding regarding the CID, and the FTC's lawsuit are all official proceedings.

14

1               1.    <u>The CID itself was an official proceeding as it was</u>
<u>before a Federal Government agency which is authorized</u>

2                    <u>by law.</u>

3       Under 18 U.S.C § 1515(a)(1)(C), an "official proceeding"

4 includes "a proceeding before a Federal Government agency which is

5 authorized by law." 18 U.S.C § 1515(a)(1). In analyzing the meaning

6 of an "official proceeding," the Ninth Circuit has determined that

7 the term "proceeding" connotes some type of formal hearing. <u>United</u>

8 <u>States v. Ermoian</u>, 752 F.3d 1165, 1170 (9th Cir. 2013). The Court

9 also determined that the phrase "before a Federal Government agency"

10 suggested an appearance in front of the agency sitting as a tribunal;

11 it implies that an official proceeding involves some formal

12 convocation of the agency in which parties are directed to appear,

13 instead of any informal investigation conducted by any member of the

14 agency. <u>Id.</u> The Ninth Circuit also found the Fifth Circuit's

15 interpretation in <u>United States v. Ramos</u> to be compelling. <u>Id.</u> at

16 1171 n.5. Specifically, the Fifth Circuit found that "official

17 proceeding is consistently used throughout § 1512 in a manner that

18 contemplates a formal environment in which persons are called to

19 appear ***or produce documents***." <u>United States v. Ramos</u>, 537 F.3d 439,

20 463 (5th Cir. 2008) (internal quotations omitted) (emphasis added).

21 An "informal investigation, in its most preliminary stages is not an

22 official proceeding." <u>Id.</u>

23       Here, the CID issued by the FTC was a formal demand to produce

24 documents and answer interrogatories pursuant to the FTCA and signed

25 by FTC Commissioner Terrell McSweeny. Def. Mot. Ex. 1-1. Commissioner

26 McSweeny was one of five Commissioners nominated by the President and

27

28

confirmed by the Senate.[2] The CID specified two other individuals the
FTC designated as the Records Custodian and Deputy Records Custodian
for the specific matter concerning the Defendant and his company and
instructed Defendant and his company to produce the relevant material
to those individuals. Def. Mot. Ex. 1-1. The CID also listed an
attorney whom the FTC designated as Commission Counsel for the
matter. Id. The CID was accompanied by a cover letter and a
resolution, listing all five Commissioners, describing the nature and
scope of the investigation, both of which were signed by Donald
Clark, the Secretary of the FTC, and a CID Schedule detailing the
steps the Defendant and his company would need to take to comply with
the CID. Id. The entire CID package of documents totaled 18 pages
which included "22 interrogatories and 16 document requests," many of
which had subparts, illustrating that the FTC had already conducted a
considerable amount of investigation into the Defendant and his
company prior to issuing the CID. Def. Mot. at 9:9, Ex. 1-1.

A CID is essentially a subpoena. Seila Law LLC v. Consumer Fin.
Prot. Bureau, 591 U.S. 197, 197 (2020). An obstruction violation
occurs when the defendant orders the destruction or concealment of
documents he was ordered to produce. United States v. Rasheed, 663
F.2d 843, 853 (9th Cir. 1981); United States v. Erikson, 561 F.3d
1150, 159-160 (10th Cir. 2009); United States v. Quattrone, 441 F.3d
153, 170-71 (2d Cir. 2006). Defendant's company was also represented
by attorney Green at the time of the document destruction. The Court

---

[2] Commissioners, Federal Trade Commission available at
https://www.ftc.gov/about-ftc/commissioners-staff/commissioners (last
visited Dec. 20, 2024). Each Commissioner serves a seven-year term
and no more than three Commissioners can be of the same political
party. Id. The President chooses one Commissioner to act as Chair.
Id.

may therefore infer that Defendant had knowledge of the importance of
turning over these documents and that destruction of these documents
was likely to affect the official proceeding because he was actively
represented by counsel. <u>United States v. Cervantes,</u> No. 16-10508,
2021 WL 2666684 (9th Cir. June 29, 2021).

The CID was an official proceeding, authorized by law, before a
Federal Government agency. After significant investigation by FTC
staff, the investigation was presented to one of five FTC
Commissioners, who reviewed the matter and signed the CID itself.
Def. Mot. Ex. 1-1. The 18-page CID package illustrated the complex
investigation that the FTC conducted prior to the issuance of the CID
and the CID itself formally demanded several specific documents,
answers to specific questions, and other material from the
Defendant's company. Instead, upon receiving the CID, Defendant knew
that he was compelled to produce documents that would incriminate him
so instructed his staff to destroy the responsive documents. Ex. 3,
¶19.

Consequently, there was a nexus between Defendant's obstructive
acts and an official proceeding before the FTC.

2.   <u>The CID enforcement proceeding was also an official
proceeding before a judge in the United States
District Court for the Central District of California.</u>

The plain language of 18 U.S.C. § 1515 (a)(1)(A) defines an
official proceeding to include "a proceeding before a judge or court
of the United States . . ."

On October 30, 2017, the FTC filed a Petition for an Order
Enforcing Civil Investigative Demand and a Memorandum of Points and
Authorities in support of the petition in this Court. <u>FTC v. Redwood</u>,
Dkts. 1-2. The case was assigned to Judge Percy Anderson first, then

transferred to Judge S. James Otero because the enforcement action was related to another lawsuit filed in May of 2017 against Defendant and his company.[3] Dkt. 5.

By January 16, 2018, Defendant's company still had not produced any documents responsive to the CID. Judge Otero entered an Order to Show Cause, which was served on Redwood's attorney, Green. FTC v. Redwood, Dkts. 12-13. To prevent being held in contempt, Defendant's company stipulated with the FTC to have the Court enter an order compelling compliance with the CID and vacating the show cause hearing. Id. at Dkt. 16. Judge Otero then entered an Order Compelling Compliance with the Civil Investigative Demand and Vacating Hearing on January 25, 2018. Id. at Dkt. 17. Defendant's company was ordered to, among other things:

> comply fully with the Civil Investigative Demand (CID) issued by the Federal Trade Commission on August 3, 2017, and produce the information, documents, and tangible items responsive to the CID on or before Friday, February 9, 2018.

Id.

Defendant's company, however, failed to comply with the court order and he was personally served notice of another show cause hearing. Id. at Dkt. 23-4. Shortly thereafter, Defendant instructed his staff to use a list of search terms the FTC provided to withhold and destroy documents he was compelled to produce. See Ex. 1 and 2; see also Ex. 3 ¶19.

Counts 3 and 4 of the Indictment allege that Defendant instructed his staff to destroy documents that were directly

---

[3] Some of the documents demanded by the CID related to the claims alleged in this suit where Defendant made deceptive and false claims regarding his products, including those related to the New England Journal of Medicine conducting medical testing and endorsing his products. Def. Mot. Ex. 1-1.

1    responsive to the CID and which, pursuant to the CID, his company was

2    required to produce to the FTC. These documents were physical and

3    tangible material subject to the court order unlike in Aguilar, where

4    the defendant was accused of withholding information from a field

5    agent that could potentially testify before a grand jury. Aguilar,

6    515 U.S., 600. The destruction of documents in this case was not

7    related to documents destroyed prior to the receipt of a legal demand

8    like in Anderson. Anderson, 544 U.S. at 702. Unlike Defendant, the

9    defendants in Anderson stopped destroying documents once they

10   received a legal demand for the documents. Id. Here, the Indictment

11   alleges that, months after receiving the FTC's CID and after the FTC

12   had filed an enforcement action in this Court seeking to enforce the

13   CID, Defendant ordered his employees to destroy documents that were

14   the subject of an official proceeding in this Court in which this

15   Court specifically ordered Defendant to produce responsive documents.

16       Therefore, there was a nexus between Defendant's obstructive

17   acts and an official proceeding before this Court.

18       3.    The FTC's *Ex Parte* Application for a TRO began a third
                foreseeable official proceeding.

19

20       Defendant admits that he had knowledge of an additional future

21   official proceeding when the CID notified him that the documents

22   demanded by the CID were to determine "[w]hether Commission action to

23   obtain monetary relief would be in the public interest." Def. Mot. at

24   4:24, Ex. 1-1 at 7. The CID also provided citations to specific

25   sections of the FTCA, "Sections 5 and 12 of the FTC Act, 15 U.S.C.

26   §§ 45 and 52." Id. Ex. 1-1 at 7. These statutes notified Defendant

27   that documents turned over in response to the CID that evidence

28   violations of the FTCA could result in the FTC filing a temporary

restraining order or preliminary injunction, which is exactly what was done here. See 15 U.S.C. § 53(b).

Defendant's company was represented by Green within a month of the CID being issued in August 2017. The Court may therefore assume that Defendant had knowledge of the FTC's investigation and litigation processes, the importance of turning over these documents, and the possibility of future litigation if the documents evidenced violations of the FTCA. United States v. Cervantes, No. 16-10508, 2021 WL 2666684(9th Cir. June 29, 2021).

The FTC filed an enforcement action in October 2017, within two months of issuing the CID, then received an Order Compelling Compliance with the CID in January 2018, and thereafter, filed multiple motions in the enforcement proceeding to force Defendant's compliance with the CID and the Order. The Defendant spent over a year defiantly avoiding compliance. In October 2018, the FTC filed a lawsuit requesting a temporary restraining order, which resulted in a permanent injunction in favor of the FTC.

Defendant's claim that the FTC lawsuit in October 2018 was not foreseeable to him when he instructed his employees to destroy the documents in April or May of 2018 is not credible. Def. Mot. at 9:17-19. In addition to all of the other notice to Defendant of potential litigation in the CID itself and in the litigation over the CID, Defendant's act of ordering his employees to destroy documents demanded by the CID and specifically connected to the search term list provided by the FTC illustrated his knowledge that incriminating documents could be used against him in the future official proceeding described both in the CID itself and in the provisions of the FTCA that the CID cited. Defendant instructed his employees to destroy the

documents so that they could not be used against him in the
foreseeable future litigation.

Thus, there was a nexus between Defendant's obstructive acts and
a foreseeable future official proceeding.

**III. CONCLUSION**

A Rule 12(b) motion to dismiss is not a proper way to raise a
factual defense. The government also presented three different
official proceedings that Defendant obstructed when he ordered his
employees to destroy documents legally demanded by the FTC. For the
foregoing reasons, the Court should deny Defendant's Motion to
Dismiss Counts 3 and 4 of the Indictment.