Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>    Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER RESTRAINING FURTHER VIOLATIONS DEFENDANT'S CONSTITUTIONAL RIGHT AGAINST UNAUTHORIZED DETENTION OR ARREST; TO PRODUCE EXTRADITION FILES AND RELATED COMMUNICATIONS AND TO SET EXPEDITED BRIEFING AND HEARING SCHEDULE** |

COCHELL LAW FIRM

1

Defendant, Jason Cardiff contends that his Fourth Amendment right against illegal search and seizure were violated when he was arrested on January 14, 2025 by the Garda in Dublin Ireland. Defendant contends that the arrest by the Garda was at the direction of the prosecutors in this case and that the arrest violated his Fourth Amendment rights and interfered with and/or violated this Court's Order of December 20, 2025 authorizing Mr. Cardiff to travel to Ireland. Defendant requests this Court to issue an order that the Government: (1) produce records relating to Mr. Cardiff's arrest by the Garda in Dublin Ireland on January 14, 2025 despite the fact that this Court issued an order authorizing Mr. Cardiff to be in Dublin, Ireland; (2) provide a full report of why an arrest was made by Garda and the Government's participation either directing or authorizing the arrest; and (3) determine if a restraining order should be issued against further government action.

In support of his motion, Defendant states:

1. On or about October 23, 2023, an extradition warrant was reportedly obtained by the federal government. **Exhibit A**, Declaration of Jason Cardiff ¶ 3.
2. On or about November 21, 2023, Jason Cardiff was taken into custody by authorities when he entered the United States to attend his father's funeral.
3. On November 30, 2023, the Court issued bond in this case. Dkt. 21.
4. From the date he obtained bond until this Court's recent order denying extension of travel,[1] Mr. Cardiff scrupulously complied with all bond conditions and traveled for work related event.
5. On July 25, 2024, the Court entered an Order allowing Mr. Cardiff to travel to Ireland to visit his family after his wife sustained a heart attack. Mr. Cardiff returned as directed. Dkt. 94.

---

[1] The Court denied Mr. Cardiff's most recent request to extend travel or to modify bond conditions. Mr. Cardiff filed a Status Report on January 24, 2025. Dkt. 178.

6. On October 31, 2024, the Court entered an Order allowing Mr. Cardiff to visit his home and family. During this occasion, Mr. Cardiff unexpectedly became ill and sought treatment through the Irish medical system. The Court granted extensions of travel to allow Mr Cardiff to obtain medical testing and treatment. Dkt. 31, 133, 151.

7. On each occasion, the Government opposed any travel for Mr. Cardiff.

8. On January 12, 2025, counsel contacted the Government prosecutors seeking their concurrence that Mr. Cardiff was going to ask the Court for an additional extension for travel or modification of bond to allow Mr. Cardiff to obtain treatment for his medical condition. Counsel noted that the request was accompanied by further medical evidence from Dr. M.S. **Exhibit B**, Declaration of Stephen Cochell ¶ 2, Ex. 1.

9. On January 13, 2025, counsel is informed that a directive was sent by the U.S. Consulate in Dublin to the Ireland's Garda to execute the extradition warrant obtained by the Government on October 23, 2023. **Exhibit A,** Jason Cardiff Dec., Exhibit 1.

10. On January 14, 2025, the Garda entered Mr. Cardiff's property blocking his exit. Three Garda agents surrounded him. One of the agents, Detective Sergeant Murray told Mr. Cardiff that he was being arrested for extradition. Mr Cardiff advised them that he was in Ireland pursuant to a lawful court order and that he had a criminal case pending against him the U.S. **Exhibit A,** Jason Cardiff Dec. ¶ 3.

11. During the discussion, Detective Sergeant Murray showed Mr. Cardiff what he called the "extradition file." The extradition file was dated October 23, 2023 before Mr. Cardiff was taken into custody in the United States. **Exhibit A,** Jason Cardiff Dec. ¶ 4. Mr. Cardiff asked why a year-plus warrant was being used now. Detective Sergeant Murray told him that he did not know but that he got the file

in October, 2023 and did nothing with it until he was contacted by the U.S. Embassy on January 13, 2025 asking him to execute the warrant. *Id.*

12. The agents reviewed the December 20, 2025 Order permitting international travel. **Exhibit A,** Jason Cardiff Dec. ¶ 4. The agents gave Mr. Cardiff the choice to either be taken to Irish jail, or that he give the agents his passport as well as his wife's passport. Id. Under these circumstances, Mr. Cardiff had no choice but to surrender the passports. The agent released Mr. Cardiff allowing him to remain his wife and eleven year old child*. Id.*

13. On January 14, 2025, counsel emailed Valerie Makarewicz and Manu Sebastian asking for production of the extradition file. **Exhibit B**, Declaration of Stephen Cochell ¶ 4, Exhibit 2.

14. On January 15, 2025, counsel emailed Ms. Makarewicz and Mr. Sebastian to talk about Jason Cardiff's arrest and the extradition warrant. **Exhibit B**, Declaration of Stephen Cochell, Exhibit 2

15. The Government did not respond to any of counsel's requests that they provide a copy of the extradition file or to discuss the extradition. **Exhibit B**, Declaration of Stephen Cochell ¶ 6

16. On January 15, 2025, Jason Cardiff called the U.S. Embassy and asked about his extradition. He received a letter from Andrew Kopiak, with the U.S. Embassy stating that: "As soon as we have any update that we can provide you regarding the status of the extradition request that <u>appears to be still on file</u>, <u>we will do so</u>. **Exhibit A**, Jason Cardiff Dec. ¶ 5. Ex. 1 (emphasis supplied)

17. During a discussion regarding possible resolution of the case on January 24, 2025, Ms. Makarewicz stated that she was going to ask the Court to impose the Fugitive Disentitlement doctrine and ask the Court to refuse to entertain arguments by counsel on the motions set for oral argument on Thursday, January 30, 2025. Exhibit B, Declaration of Counsel, ¶ 7. Counsel never heard of this doctrine and found that there is a statute, 44 U.S.C. § 2466. *Id.* This act applies

only to civil proceedings involving forfeitures and has nothing to do with criminal proceedings, where defendants have a right to effective counsel and a right to oppose the Government's allegations. Id. As set out in his Status Report, Mr. Cardiff does not intend to become a fugitive but is following the directives of his physicians to preserve his health and safety so that he can return and defend himself at trial. Dkt. 178.

18. On January 25, 2025, counsel sent the Government prosecutors an email stating, in pertinent part, that:

> We also note that we have yet to receive a response from you regarding the active extradition warrant issued in October 2023 and executed on January 14, 2025 after we made our January 12, 2025 request for concurrence on Mr. Cardiff's Ex Parte Motion to Extend Trial or to Modify Bond Conditions. Mr. Cardiff has been informed by Garda that they received instructions from the U.S. State Department on January 13, 2025 to execute the warrant. <u>We do not believe that this is just coincidence</u>. We are requesting all communications once again regarding these issues. Mr. Cardiff was unlawfully blocked at his house by Garda at the U.S. Government's instruction, and his U.S. passport and his wife's U.S. passport were taken. These actions were in violation of the Court's Order allowing Mr. Cardiff to be at his home in Dublin. These actions violated the Cardiffs' constitutional rights. We again request that you provide a substantive response to this matter.

**Exhibit B**, Declaration of Stephen Cochell, Exhibit 4 (emphasis supplied)

19. Given the Government's silence regarding Mr. Cardiff's extradition and probable role in directing Mr. Cardiff to be arrested, Ms. Makarewicz's remark reveals the Government's hostility toward Mr. Cardiff and a desire to prevent him from effectively raising legal issues to the Court.

20. It is difficult to believe that the Government was not deliberately trying to intimidate Jason Cardiff by ordering an arrest in violation of this Court's order, and then threatening to prevent him from challenging government actions that he believes constitute overcharging or overreaching by the Government.

1  Regardless of what the Government thinks Mr. Cardiff has done, he is entitled to the full protections of this Court's order and the United States Constitution.

21. Counsel sent an email dated January 26, 2025 stating that if he did not receive a response to the above emails, he would have to take action to protect his clients' rights. Counsel indicated that he would seek an order restraining the Government from further violations of his constitutional rights and an order requiring the Government to turn over the extradition file and any communications relating to obtaining and executing the extradition warrant. **Exhibit B**, Declaration of Stephen Cochell, Exhibit 4.

22. As counsel was filing this application, he received an email from Manu Sebastian stating that the Government opposes ex parte treatment of the request as "there is no urgency to the requests" and that the Government opposes the motion substantively. Defendant disagrees and notes that the Government has done nothing to assure that his rights against unlawful arrest, search and seizure will <u>not</u> again be violated.

**The Government Acted Without Authority to Direct the Arrest of Mr. Cardiff.**

23. The arrest and seizure of passports based on a stale and outdated warrant violated Mr. Cardiffs Fourth and Fifth Amendment rights. The extradition warrant should have been but was not cancelled when Mr. Cardiff was placed on bond. Mr. Cardiff was authorized by this Court to be in Ireland on January 14, 2025. There was no lawful reason for the Government to execute the warrant against Mr. Cardiff on January 14, 2025. The Fourth Amendment protects U.S. citizens while overseas. *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990). Indeed, the Fourth Amendment prohibits unreasonable searches and seizures regardless of whether the evidence is sought to be used in a criminal trial. *Id* at 264. A violation of the amendment is accomplished at the time of an unreasonable governmental intrusion. *See Reid v. Covert*, 354 U.S. 1 (1957) (American

citizens tried by U.S. military authorities in a foreign country were entitled to constitutional protections).

24. The Court has inherent power to restrain the Government from interfering with or violating its orders. The traditional four-factor test for injunctive relief under Rule 65 includes: (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the moving party if the injunction is not imposed; (3) the relative balance of hardships between the parties if the injunction is imposed; (4) the public interest. *Alaska ex. rel. Yukon Flats School Dist. v. Native Village of Venetie,* 856 F.2d 1384, 1388 (9th Cir. 1988).

25. Based on the above facts, Mr. Cardiff has suffered irreparable harm to his constitutional rights and will suffer irreparable harm unless an injunction is issued. There is a high likelihood that Mr. Cardiff will prevail at hearing on a motion to restrain further violations of his constitutional rights. It is in the public interest to prevent constitutional violations where, as here, the prosecutors have not provided any information about the extradition warrant and have refused to agree to any further unauthorized interference with this Court's orders.

26. The Government's failure or refusal to provide some explanation for the extradition strongly suggests that the Government was unhappy with Mr. Cardiff's January 12, 2025 request for concurrence in asking the Court for extended travel and decided to take matters into their own hands. At the very least, the Government should be required to explain why Mr. Cardiff was arrested, their role in directing his arrest and be subject to an order that requires the Government to seek this Court's permission before engaging in any further violations of the Cardiffs' constitutional rights.

WHEREFORE, Defendant requests this Honorable Court issuing: (1) Issuing an order restraining the Government from any further unauthorized actions to arrest Mr. Cardiff; (2) to produce all Extradition files and communications meaning emails, text and any other means of communications, with all Government agencies including but

not limited to the U.S. Department of State, Department of Justice, Federal Trade Commission, U.S. Postal Inspection Service and the U.S. Attorney's office related to the extradition request as to Jason Cardiff; and (3) Order an expedited briefing schedule and hearing date as to whether an injunction should be granted.

Dated: January 27, 2025

By: /s/ Stephen R. Cochell
Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

## SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada United
States Attorney Mack E. Jenkins
Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein
Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz
Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm
Director, Consumer Protection Branch Manu J. Sebastian
Brianna M. Gardner
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
       Brianna.M.Gardner@usdoj.gov

*/S/ Stephen R. Cochell*
Stephen R. Cochell