AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSAY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:   Valerie.Makarewicz@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>       Defendant. | No. 5:23-CR-00021-JGB<br><br><u>PLAINTIFF UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION FOR ORDER FORFEITING BAIL AND FOR SUMMARY ADJUDICATION OF OBLIGATION; [PROPOSED] ORDER; [PROPOSED] JUDGMENT</u><br><br>Hearing date: March 3, 2025<br>Hearing time: 2:00PM<br>Location: Courtroom 1<br>      George E. Brown Federal Building and U.S. Courthouse<br>      3470 Twelfth St.<br>      Riverside, CA 92501 |

TO DEFENDANT JASON EDWARD THOMAS CARDIFF AND SURETIES LILIA MURPHY AND BRIAN KENNEDY:

PLEASE TAKE NOTICE that, on March 3, 2025, at 2:00 p.m., as soon thereafter as it may be heard, in the Courtroom of the Hon. Jesus G. Bernal, located at 3470 Twelfth Street, Courtroom 1, Riverside, CA 92501, plaintiff United States of America will, and hereby does, move this Court for an order forfeiting bail and for summary adjudication of obligation with respect to defendant Jason Edward Thomas Cardiff and sureties Lilia Murphy and Brian Kennedy. Fed. R. Crim. P. 46(f)(1) and (3) and Local Crim. Rule 46-6.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

Dated: February 3, 2025          Respectfully submitted,

AMANDA N. LISKAMM
Director
Consumer Protection Branch

JOSEPH T. MCNALLY
Acting United States Attorney

     /s/
MANU J. SEBASTIAN
Trial Attorney
VALERIE L. MAKAREWICZ
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On November 30, 2023, the Court ordered that defendant Jason Edward Thomas Cardiff ("Defendant") be released from pre-trial custody on a $530,000 bond, upon the filing of affidavits of surety signed by Lilia Murphy and Brian Kennedy ("Sureties"). Ms. Murphy's portion of $500,000 was secured with full deeding of property. When the Sureties signed the Affidavits of Surety and defense counsel signed the affidavit of third-party custodian, Defendant was released.

Beginning in July 2024, the Court permitted defendant to travel to Ireland. In January 2025, the Court ordered defendant to return to the United States on or before January 19, 2025. To date, defendant has not returned.

By not complying with the bond conditions ordered, Defendant violated his pretrial release. Defendant failed to attend a court hearing as ordered, absconded from Pretrial Services supervision, now resides at a location that Pretrial Services has not approved. Accordingly, the United States moves for an order forfeiting the bail of Defendant and requests the entry of a default judgment against Defendant and the sureties pursuant to Fed. R. Crim. P. 46(f)(1) and (3) and Local Crim. Rule 46-6.  The government requests that the Court enter judgment on the bond forfeiture against Defendant in the amount of $530,000, with Lilia Murphy to be jointly and severally liable with Defendant in the amount of $500,000, and surety Brian Kennedy to be jointly and severally liable with Defendant in the amount of $30,000.

## II. STATEMENT OF FACTS

### A. Initial Proceedings in This Case

On January 31, 2023, a grand jury returned an indictment that charged Defendant with Access Device Fraud, Aggravating Identity Theft, and Obstruction. Dkt. 1.

Defendant was arrested and made his initial appearance on November 27, 2023. Dkt. 7, 11. The government moved for detention of the Defendant. Dkt. 3, 13. After a contested bond hearing, on November 30, 2023, the Court ordered that Defendant be released on a $530,000 bond of which $500,000 was to be secured with full deeding of property, upon the filing of Affidavits of Surety signed by the Sureties. Dkt. 14. In addition, defendant's attorney agreed to act as a third-party custodian of Defendant. Dkt. 15. At the hearing the Court read defendant the conditions of his bond, and warned him of the consequences of non-compliance, and Defendant agreed to abide by them. Dkt. 89. On the same day, Defendant signed the bond document, acknowledging his duties and responsibilities and the potential consequence if he violates a bond condition. (Dkt. 21 at 6.)

On December 5, 2023, Defendant filed a signed affidavit of surety (Dkt. 22), in which Brian Kennedy, by signing the affidavit of surety, acknowledged that he agreed to accept the responsibilities of a surety for Defendant's release, as follows:

> I further state that I understand the provisions of the bond executed by the above-named defendant for which this affidavit supports, and I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 . . . and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $30,000, in the event that the bond is forfeited.

4

Id.

On December 6, 2023, Defendant filed a signed affidavit of surety (Dkt. 24), in which Lilia Murphy, by signing the affidavit of surety, acknowledged that she agreed to accept the responsibilities of a surety for Defendant's release, as follows:

> That I am worth the amount specified in the bond, to wit: $500,000, over and above my just debts and liabilities and exclusive of property exempt from execution. I further state that I understand the provisions of the bond of the defendant named above for which this affidavit supports and I acknowledge and agree that I and my personal representatives are bound, jointly and severally with the defendant and any other sureties, to pay the United States of America the bond amount specified in the event the bond is forfeited. . . . I hereby subject said funds, and agree to be bound as a condition of this bond, by the provisions of Local Criminal Rule 46-6. . .

Id. This Affidavit included the address of the real property that was securing Defendant's bond. Defendant filed a Short Form Deed of Trust on the real property signed by Lilia Murphy as owner of the property. Dkt. 28. Defendant was then released from pre-trial custody.

**B.   Defendant's Violation of Conditions of his Bond**

In an Order filed December 20, 2024, the Court ordered Defendant to return to the United States from Ireland by January 19, 2025. Dkt. 151. On January 15, 2025, the Court again ordered Defendant to return to the United States by January 19, 2025. Dkt. 165. On January 17, 2025, the Court confirmed in an order that Defendant was to return to the United States by January 19, 2025, and that he was to attend the January 27 motion hearing in person. Dkt. 171. On January 22, 2025, the Court filed a scheduling notice continuing the motion hearing from January 27 to January 30. Dkt. 177. On January 24, 2025, Defendant filed a Status Report informing the Court that he had not

5

returned to the United States and did not intend to return in the near future. Dkt. 178. Defendant failed to appear at the motion hearing on January 30, 2025, and remains in Ireland. Dkt. 188. To date, Defendant has not returned to the United States.

**III. THE COURT SHOULD ISSUE AN ORDER FORFEITING BAIL AND ENTER JUDGMENT ON THE BAIL FORFEITURE OBLIGATION AGAINST DEFENDANT AND THE SURETIES**

  **A.  Bond Forfeiture is Mandatory if a Condition of the Bond has Been Breached**

"The law on bail forfeiture is neither complex nor voluminous." United States v. Nguyen, 279 F.3d 1112, 1115 (9th Cir. 2002). The Court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). In such a case, forfeiture is mandatory. Nguyen, 279 F.3d at 1115 (citing United States v. Abernathy, 757 F.2d 1012, 1015 (9th Cir. 1985)).

"A bail bond is a contract between the government and the defendant and his surety, the forfeiture of which results in the surety becoming the government's debtor." United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978). The Court may hold the defendant personally liable for the bond amount, jointly and severally, with the surety. United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995). "The language of the bond contract is strictly construed in accordance with the terms contained therein." United States v. Lujan, 589 F.2d 436, 438 (9th Cir. 1978) (citation omitted).

  **B.  The Court Should Hold The Sureties Equally Financially Responsible as Defendant for Defendant's Bond Violation**

Courts should not excuse or reduce a surety's liability for a defendant's bond violation based on the surety's argument that, for example, he has limited financial means. United States v. Noriega-Sarabia, 116 F.3d 417, 420 (9th Cir. 1997) (stating that "a surety

cannot complain because he has failed to actually swear to a sufficient net worth, or because a lesser net worth might mean that the full amount of the bond will never be recovered."). See also United States v. Tirado, 674 F. App'x 743, 743 (9th Cir. Jan. 23, 2017) (quoting Noriega-Sarabia). That is because the purpose of enforcing the terms of a bond is to increase the likelihood "that defendants and sureties will take their bond commitments seriously and that defendants will attend scheduled court appearances and not engage in criminal activity while they are on pretrial release." United States v. Villalobos, 2005 WL 6127290, at *4 (N.D. Cal. Feb. 17, 2005). Declining to hold a surety equally financially responsible as the defendant for a bond violation undermines the purpose of a bail bond. See id. at *4-5. More broadly, "[t]he court, the government, and the public may be doubly disappointed when a defendant flees, if the sureties cannot, or will not, abide by their promises." Noriega-Sarabia, 116 F.3d at 420.

### C. Bail Bond Forfeiture Procedure

Upon default by the defendant, "the Court, upon ten (10) days' notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment." Local Criminal Rule 46-6.

The United States further requests that the Court order that the Clerk serve the Sureties with the Government's bond forfeiture papers, and with the judgment (if the Government's motion is granted). When the Government moves to enforce a surety's liability, the Government "must serve any motion, and notice as the court prescribes, on the district court. If so served, the clerk must promptly mail a copy to the surety at its last known address." Fed.

7

R. Crim. P. 46(f)(3)(C). Correspondingly, the United States usually still does not have the surety's address when the Court enters judgment on the bond forfeiture against the defendant and the surety. In this case, the government has not confirmed the Sureties' addresses. Therefore, the government requests that the Court order that the Clerk serve the Sureties with the documents filed in these bond forfeiture proceedings.

### D. The Court Should Order That Bail be Forfeited and a Judgment on the Bail Forfeiture Obligation be Entered Against Defendant and The Sureties

As set forth above, Defendant violated a condition of his bail by missing a court hearing and absconding from PSA supervision. Accordingly, the Court should issue an order forfeiting the bail that was posted, pursuant to Fed. R. Crim. P. 46(f)(1). Additionally, this Court should issue a judgment on the bail forfeiture obligation against Defendant and the Sureties, pursuant to Local Criminal Rule 46-6.

## IV. CONCLUSION

For the foregoing reasons, the United States requests that this Court issue an order forfeiting bail and enter a judgment on the bond forfeiture obligation against the Defendant, Lilia Murphy and Brian Kennedy.

Dated: February 3, 2025               Respectfully submitted,

                                              AMANDA N. LISKAMM
                                              Director
                                              Consumer Protection Branch

                                              JOSEPH T. MCNALLY
                                              Acting United States Attorney

                                                    /s/
                                              MANU J. SEBASTIAN
                                              Trial Attorney
                                              VALERIE L. MAKAREWICZ
                                              Assistant United States Attorney

                                              Attorneys for the Plaintiff
                                              United States of America