1  AMANDA N. LISKAMM
   Director, Consumer Protection Branch
2  MANU J. SEBASTIAN
   Trial Attorney
3  U.S. Department of Justice
   Consumer Protection Branch
4      450 Fifth Street, NW, Suite 6400S
       Washington, D.C.  20001
5      Telephone: (202) 514-0515
       Facsimile: (202) 514-8742
6      Email:  Manu.J.Sebastian@usdoj.gov

7  JOSEPH T. MCNALLY
   Acting United States Attorney
8  LINDSAY GREER DOTSON
   Assistant United States Attorney
9  Chief, Criminal Division
   VALERIE MAKAREWICZ (Cal. Bar No. 229637)
10 Assistant United States Attorney
   Major Frauds Section
11     1100 United States Courthouse
       312 North Spring Street
12     Los Angeles, California 90012
       Telephone: (213) 894-0756
13     Facsimile: (213) 894-6269
       E-mail:    Valerie.Makarewicz@usdoj.gov
14
   Attorneys for Plaintiff
15 UNITED STATES OF AMERICA

16                 UNITED STATES DISTRICT COURT

17            FOR THE CENTRAL DISTRICT OF CALIFORNIA

18                      EASTERN DIVSION

19 UNITED STATES OF AMERICA,        No. 5:23-CR-00021-JGB

20          Plaintiff,              EX PARTE APPLICATION FOR (1)
                                    DECLARATION OF FUGITIVE STATUS,(2)
21          v.                      ORDER VACATING TRIAL DATE AND
                                    TOLLING OF SPEEDY TRIAL ACT, AND
22 JASON EDWARD THOMAS CARDIFF,     (3) ISSUANCE OF ARREST WARRANT;
                                    [PROPOSED] ORDER
23          Defendant.

24

25

26      Plaintiff United States of America, by and through its counsel

27 of record, the Consumer Protection Branch of the United States

28 Department of Justice and Trial Attorney Manu J. Sebastian, and the

   Acting United States Attorney for the Central District of California

                                1

1 and Assistant United States Attorney Valerie L. Makarewicz, hereby

2 applies to the Court ex parte to find defendant JASON EDWARD THOMAS

3 CARDIFF a fugitive from this prosecution, for an order vacating the

4 trial date in this matter and for findings of excludable time periods

5 pursuant to the Speedy Trial Act, and for the Court to issue an

6 arrest warrant for defendant.

7     The application is based upon this notice, the accompanying

8 memorandum of points and authorities, the records of this case, and

9 on such further evidence and argument as may be presented at any

10 hearing of this motion.

11     In compliance with Local Rule 7-19, defendant's attorneys are

12 Stephen Cochell, 5850 San Felipe, Ste. 500, Houston Texas 77057,

13 Telephone:(713) 436-8000, Facsimile: (213) 623-2000, email:

14 srcochell@gmail.com, and Allan Grant, 17351 Greentree Drive,

15 Riverside, California 92503-6762, Telephone (888)937-7555, Facsimile

16 (866)858-6637, allan@grants-law.com.

17     The government informed defense counsel of its intent to file

18 the instant pleading at the hearing on January 30, 2025 and by email

19 on January 31, 2025.  Defense opposes.

20     The reasons for seeking an ex parte order for the relief sought

21 herein is several-fold.

22     Beginning in July 2024, the Court permitted defendant to travel

23 to Ireland. In January 2025, the Court ordered defendant to return to

24 the United States on or before January 19, 2025. To date, defendant

25 has not returned.  By not complying with the bond conditions ordered,

26 Defendant violated his pretrial release. Defendant failed to attend a

27 court hearing as ordered, absconded from Pretrial Services

28 supervision, now resides at a location that Pretrial Services has not

1  approved.

2      Defendant is a dual citizen of the United States and Ireland.

3  As stated by defense counsel at the hearing on January 30, 2025,

4  defendant is in possession of a valid Irish passport, but an expired

5  United States passport. Defendant's risk of flight from Ireland is

6  high-—defendant is in contempt of a court order to return. The

7  issuance of an arrest warrant is needed so that extradition of the

8  defendant can commence.

9
Dated: February 4, 2025              Respectfully submitted,
10
                                     AMANDA N. LISKAMM
11                                   Director
                                     Consumer Protection Branch
12
                                     JOSEPH T. MCNALLY
13                                   Acting United States Attorney

14                                   _____/s/_____
                                     MANU J. SEBASTIAN
15                                   Trial Attorney
                                     VALERIE L. MAKAREWICZ
16                                   Assistant United States Attorney

17                                   Attorneys for Plaintiff
                                     United States of America
18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF FACTS**

On January 31, 2023, a grand jury returned an indictment that charged the defendant with access device fraud, aggravated identity theft, and witness tampering, violations of 18 U.S.C. §§ 1029(a)(5), 1028(a)(1), and 1512(b)(2)(B). Dkt. 1. Defendant was arrested on November 26, 2023, in the Central District of California and made his initial appearance on November 27, 2023. Dkt. 7. On December 6, 2023, defendant was released on a $530,000 bond. Dkt. 21.

After several continuances, trial for this case is currently set for July 15, 2025. Dkt. 146.

On October 29, 2024, the Court permitted Defendant to travel to Ireland for fourteen nights. Dkt. 124. On November 20, 2021, the Court permitted Defendant to extend his travel to Ireland for thirty days and ordered him to return on December 20, 2024. Dkt. 133. On December 20, 2024, the Court permitted Defendant to extend his stay in Ireland for another thirty days and ordered he return to the United States by January 19, 2025. Dkt. 151.

On January 14, 2025, Defendant filed an ex parte application to allow defendant to remain in Ireland for an additional 120 days, which the Court denied. Dkts. 162, 165. The Court again ordered that Defendant to return to Texas no later than January 19, 2025. Dkt. 165. On January 16, 2025, Defendant filed a motion for reconsideration, which the Court denied. Dkts. 166, 171. The Court again ordered Defendant to return to Texas no later than January 19, 2025. Dkt. 171. On January 18, 2025, Defendant filed an ex parte application for a modification of his reporting date, which the Court denied. Dkts. 172, 176. Defendant failed to return to the United

4

States by January 19, 2025, as repeatedly directed by the Court. Dkt. 188. Defendant filed a "Status Report" informing that Court that he intends to remain in Ireland for at least "three to four month[s]." Dkt. 178.

**II.  ARGUMENT**

Section 3161(c)(1) states, in part, "the trial of defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the indictment or information, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." The consequence of failure to commence trial within the 70-day period is dismissal. 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time period required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.") In light of the consequence of a Speedy Trial Act violation, it is the United States' obligation to ensure compliance with the Act. United States v. Perez-Reveles, 715 F.2d 1348, 1353 (9th Cir. 1983) ("We emphasize that the monitoring of the limitation period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement.").

Therefore, consistent with its obligation to ensure compliance with the Speedy Trial Act, the United States moves this Court to make a finding that defendant has been a fugitive from prosecution since January 19, 2025, and therefore, "[a]ny period of delay resulting from the absence or unavailability of the defendant" is excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(3)(A), as of

1    January 19, 2025. <u>United States v. Carrillo</u>, 2020 WL 2556940 (E.D.

2    Cal. 2020), citing, <u>United States v. Love</u>, 859 F. Supp. 725, 736

3    (S.D.N.Y. 1994) (excluding 27 months of time where defendant was a

4    fugitive from the Speedy Trial Act pursuant to 18 U.S.C.

5    § 3161(h)(3)(A)); <u>United States v. Pena</u>, 793 F.2d 486, 490 (2nd Cir.

6    1986) (finding exclusion of time appropriate where unsevered co-

7    defendant was fugitive); <u>United States v. Sandoval</u>, 990 F.2d 481, 483

8    (9th Cir. 1993) (holding that "when the defendant seeks to avoid

9    detection by American authorities and any post indictment delay can

10   be attributed to him, he waives the right to a speedy trial" for

11   Sixth Amendment speedy trial purposes).

12       Under Federal Rule of Criminal Procedure 43, a defendant who

13   absconds before trial and is absent at its commencement may not be

14   tried <u>in absentia</u>. Fed. R. Crim. P. 43(c)(1); <u>Crosby v. United</u>

15   <u>States</u>, 506 U.S. 255, 256, 262 (1993).

16       Defendant's attorney confirmed at the motion hearing on January

17   30, 2025, that defendant failed to return to the United States on

18   January 19, 2025, as ordered by this Court. When defendant failed to

19   return to the United States on January 19, 2025, as the Court

20   previously ordered, he was "absent and unavailable" within the

21   meaning of the Speedy Trial Act.

22       The requested order vacating the trial date is not based on

23   congestion of the Court's calendar, lack of diligent preparation on

24   the part of the attorney for the government or the defense, or

25   failure on the part of the attorney for the government to obtain

26   available witnesses.

27       For purposes of the Speedy Trial Act, the time period of January

28   19, 2025, to the date defendant appears before a judicial officer in

6

1  this district upon his arrest or surrender, inclusive, should be

2  excluded pursuant to 18 U.S.C. §§ 3161(h)(3)(A)-(B) because defendant

3  is "absent."

4      If defendant is located or apprehended at some future date, the

5  government will inform the Court and will request a status conference

6  where a new trial date can be set.

7  **III. CONCLUSION**

8      The United States respectfully requests a finding that defendant

9  is a fugitive and therefore time should be excluded from the Speedy

10 Trial Act, 18 U.S.C. § 3161(h)(3)(A) since he became a fugitive on

11 January 19, 2025. The government also requests that the trial date

12 set for trial in this case, July 15, 2025, and all other deadlines be

13 vacated.  The United States also requests that the Court issue a

14 warrant for defendant's arrest.

15 Dated: February 4, 2025              Respectfully submitted,

16

17                                      AMANDA N. LISKAMM
                                        Director
18                                      Consumer Protection Branch

19                                      JOSEPH T. MCNALLY
20                                      Acting United States Attorney

21                                      _____/s/_____
                                        MANU J. SEBASTIAN
22                                      Trial Attorney
                                        VALERIE L. MAKAREWICZ
23                                      Assistant United States Attorney

24                                      Attorneys for the Plaintiff
25                                      United States of America

26

27

28