# EXHIBIT B

Stephen R. Cochell
Cochell Law Firm P.C.
5850 San Felipe Ste 500
Houston Texas 77057
(346)800-3500
srcochell@gmail.com
Admitted Pro Hac Vice

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant
Jason Edward Thomas Cardiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> vs.<br><br>JASON EDWARD THOMAS CARDIFF<br><br>And<br><br>LILIA MURPHY and BRIAN KENNEDY<br><br>  Sureties | Case No. 5:23-CR-00021-JGB |

**DECLARATION OF BRIAN KENNEDY IN SUPPORT OF RESPONSE TO GOVERNMENT'S MOTION FOR ORDER FORFEITING BAIL AND FOR SUMMARY ADJUDICATION OF OBLIGATION**

I, Brian Kennedy, declare as follows:

1. I have personal knowledge of the facts set forth herein. If called as a

1

witness, I could and would competently testify to the matters stated herein. I make this declaration to address the Government's Motion for Order Forfeiting Bail and for Summary Adjudication.

2. I have signed a waiver of conflict of interest to allow my Mr. Cochell to represent me in the Government's request to forfeit bond and to also represent Lilia Murphy Cochell and Mr. Cardiff.

3. I became a member of the Board of Directors in Redwood Scientific Technologies, Inc. in 2023.

4. I am one of the bondholders who signed an affidavit of surety and pledged $30,000 as security if Jason Cardiff did not comply with his bond conditions.

5. I have spent a good deal of time with Jason Cardiff over the years During that time, I became aware that he had some medical issues but not in any detail.

6. In or about September, 2024 I became aware that Jason was given permission by the Court to travel to Ireland after his wife suffered a heart attack. I understand that he later was granted permission to return to Ireland to visit his wife and child and see a pulmonologist. I was informed that Jason's health problems were serious and that his General Practitioner certified that he was medically unfit to fly home to the United States.

7. Sometime in January, 2025, Jason advised me that he had applied to the Court for an extension of time to complete treatment in Ireland and that the Court denied his motion and ordered him to return to the United States. During a discussion with Jason about his health, I told Jason that I thought that he should return to the United States. In substance, he told

2

me that he wanted to return to the United States but did not want to risk that he would suffer additional and lasting harm by returning before completing prescribed treatment.

8. I understand that there are some pretrial motions to dismiss the case that may affect the bond issues before the Court. I would request that these legal issues be resolved before determining the Government's motion to forfeit bond.

9. This is a summary of events. I reserve the right to supplement my testimony if called as a witness at hearing or trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of February 2025, at Upland, California.

*/s/ Brian Kennedy*
Brian Kennedy

3