Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>JASON EDWARD THOMAS CARDIFF | Case No. 5:23-CR-00021-JGB<br><br>Hearing Date: March 3, 2025<br><br>Courtroom:  1<br><br>Time:  2:00 p.m. |

## JASON CARDIFF'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FORFEITING BAIL AND FOR SUMMARY ADJUDICATION OF OBLIGATION

Jason Cardiff, by and through his undersigned counsel, respectfully submits this response in opposition to the United States' Motion for Order Forfeiting Bail and for Summary Adjudication of Obligation (Dkt. 189).

The Government seeks a forfeiture of bail $530,000 based on Defendant's failure to appear for a motions hearing on January 30, 2025.   On February 7, 2025, Defendant recognizes that the Court issued an Order vacating the trial date and authorizing issuance of an arrest warrant.  Dkt. 196.   Rule 46(f)(1) provides that the court "must

declare the bail forfeited if a condition of the bond is breached." However, the Court may set aside in whole or in part a bail forfeiture upon any condition the Court may impose if the surety later surrenders the defendant into custody <u>or</u> it appears that justice does not require forfeiture.

In the instant case, Defendant respectfully requests that the Court defer a final ruling on bond forfeiture as he intends to return to the United States and surrender when his doctors find that he is fit to travel, no later than three months from filing of this motion. Defendant also submits that the amount of the bond set in December 2023 was not reasonable in light of: (1) misleading statements by one of the prosecutors; and (2) deferring the matter of forfeiting the entire bail should be determined upon Defendant's return.

I. **Background Facts**

On January 19, 2025, the Court granted an Order Vacating Trial Date, Tolling of Speedy Trial Act, and Issuance of an arrest warrant. Dk.t 196.    However, Defendant respectfully submits that entry of a judgment is not automatic and that the Court retains discretion under Rule 46(f)(2) to set aside or remit forfeiture in whole or in part based on the circumstances of this case.

Defendant previously made known to the Court that he suffered serious health conditions that required medical treatment while he was in Ireland. Dkt. 125. Mr. Cardiff advised the Court, and provided the Court with medical evidence that he is and was medically unfit to fly back to the United States.   Id. at 2.  Defendant's primary physician, Dr. M.S. recommended a three-to-four-month treatment plan to assure that Mr Cardiff could fly safely without risking even more serious health consequences. Dkt. 175.   Mr. Cardiff submitted Dr. M.S.' report under seal and asked the Court to allow him to stay the additional time to protect his health.

The Court deemed the evidence submitted by Dr. M.S. to be insufficient as her

report indicated that Mr Cardiff's symptoms "could" pose a risk of serious injury and that reduced cabin pressure and lower oxygen availability at altitude would greatly increase the <u>potential</u> for …complications.  Dkt. 171 at 4..    On reconsideration, Defendant submitted further evidence from Dr. M.S.  However, the Court held that the evidence was rejected because the email submission was "new" evidence that could not have been submitted under L.R. 7-18.  Dkt. 171 at  2.

## I.    Rule 46(f) Does Not Require Forfeiture of Property or Funds If Justice Does Not Require Forfeiture.

It is well established that the purpose of bail bonds is to make sure defendants show up for court, not to punish them or their families if they fail to appear. *United States v. Vaccarro,* 51 F.3d 189, 192 (9th Cir. 1988)*; United States v Bass*, 573 F.2d 258, 260 (5th Cir 1978) ("The purpose of a bail bond is not punitive; it is to secure the presence of the defendant").  As set out below, this court has the discretion to set aside a forfeiture "in whole or in part" "if it otherwise appears that justice does not require the forfeiture."

In *United States v. Vickers*, 144 F. Supp. 3d 1146, 1150 (E.D. Cal.2015), the Court also noted that the purpose of the bail bond is not punitive.  Rather a bond is to insure that the accused will reappear at a later time.  Id. citing *United States v Vaccaro*, 51 F.3d 189, 192 (9th Cir. 1995). The *Vickers* court emphasized that the court must ensure that its decision remains free from frustration or vindictiveness. *Id. citing United States v. Parr*, 594 F.2d 440, 444 (5th Cir. 1979).

In *United States v. Nguyen,* 279 F.3d 1112, 1115 (9th Cir. 2002), the Court noted that "The law on bail forfeiture is neither complex nor voluminous."    F.R. Crim. P. 46 provides that if there is a breach of a condition of a bond, the district court shall declare a forfeiture of the bail."    However, Rule 46 (e)(2) and (4) also provides that a district court:

> (2) …may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person

released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it *otherwise appears that justice does not require the forfeiture*…. [and]

(4) …may remit it in whole or in part under the [same] conditions….

Id. (emphasis supplied)

The *Nguyen* court set out six non-exclusive factors that may be considered in deciding whether to set aside or remit forfeiture of the bond. These factors include: (1)The defendant's willfulness in breaching a release condition; (2) the sureties' participation in apprehending the defendant; (3) the cost, inconvenience, and prejudice suffered by the government; (4) mitigating factors; (5) whether the surety is a professional or a member of the family or friend; and (6) the appropriateness of the bond amount. In *United States v. Amwest Sur. Ins. Co.,* 54, F.3d 601, 604 (9th Cir. 1995), the Court suggested that a defendant's ultimate appearance is a ground for remittance, even if he was absent in prior proceedings.

Defendant addresses the *Nguyen* factors that apply in his case.

(1) <u>Defendant's Willfulness in Breaching a Release Condition and Mitigating Factors</u>

In *Nguyen*, defendant was arrested at work despite consistent claims that he could not surrender himself because he was at home recuperating from surgery. Id. at 1116. Similarly, in *United States v Abernathy*, 757 F.2d 1012, 1015 (9th Circuit), the Court found conduct to be willful where defendant fled nearly 1500 miles using aliases.

In the instant case, Defendant was granted a court order allowing him to travel to Ireland and was granted extensions to seek medical treatment. While the Court denied further extensions, Defendant was advised by his doctors that he was medically unfit to travel and that he would suffer greater injury if he returned to the United States. Dkt. 162. Dr. M.S. provided a 3-4 month treatment plan. Dkt. 175. Defendant recognized that the Court ordered his return but, at the time, concluded that if he

returned without sufficient treatment, he would potentially suffer greater health consequences resulting in disability and lose his ability to support his family.  Dkt 178, Defendant's Status Report.

As soon as the doctors find him fit to travel, Defendant fully intends to return to the United States.  **Exhibit A**, Declaration of Jason Cardiff ¶ 3.

(2) The Cost, Inconvenience, and Prejudice Suffered By The Government;

At this point, the Government has sustained limited cost or prejudice from Defendant's absence on January 19, 2025.   Moreover, there is no evidence that the Defendant intends to do anything but get treatment in Ireland and return.  Defendant states he intends to return to the United States within the next three month (May, 2025). Defendant has continued to report to Pretrial Services. This factor potentially favors the Government, but is entitled to little weight when the failure to appear took place barely three weeks ago.  This factor currently favors the Sureties.

(3) The Appropriateness of The Bond Amount.

This factor addresses whether the bond amount was reasonable at the time of its issuance.  At the time of the initial bond hearing, the Government argued that Mr. Cardiff fled to Ireland to avoid prosecution notwithstanding the fact that: (1) Mr. Cardiff gave notice to the FTC that he was moving to Dublin and updated his address;[1] and that he was unaware that he was being investigated.  **Exhibit A**, Cardiff Dec. ¶¶s 4-5.  This sort of argument likely resulted in an increase in the bond and need for security.  Defendant submits that the bond amount should be remitted to account for this overstatement by Government counsel.

The reasonableness of the bond should also be evaluated in light of pretrial motions that seek dismissal of part or all of the indictment based on Supreme Court

---

[1] Counsel has ordered the transcript of the hearing to assure that his recollection of events is correct.  Counsel notes that the Government manually filed an audio copy of the hearing.  Dkt 90.

precedent. In sum, the bond should have been lower where, as here, the indictment was either vague or substantively defective.  Pending before the Court are four motions that impact a determination of whether the bond was reasonable[2]: (a) Defendant's Motion to Dismiss Count Two of the Indictment (Dubin) Dkt 106; (b) Motion to Suppress Evidence (Dkt. 115); (c) Motion to Dismiss Counts 3 and 4 (Aguilar) Dkt. 134; and (d) Motion to Dismiss Based on Double Jeopardy (Dkt. 135).   In the context of this case, due process requires that the Court rule on these motions before determining bond forfeiture. *See United States v $8850*, 461 U.S. 555, 564 (1983) (due process is flexible regarding right to be heard at a meaningful time and timing of proceeding may impair a party's ability to defend the propriety of a forfeiture).

### 4. **Conclusion**

The Government's is well aware of Mr. Cardiff's explanation for not appearing at the January 30, 2025 hearing.   The Government knows exactly where Mr. Cardiff lives.  Barely three days after the hearing, the Government filed its Motion to Forfeit Bond.   Dkt 189.  The rush to secure a judgment and start executing on the Sureties' property and assets appears calculated to punish people who are friendly with Defendant---not to secure his appearance.

Defendant respectfully submits that the process can be stayed for several months while his doctors provide the three month course of treatment necessary for his return. At that time, the Court will have more information and be in a better position to render a decision that is fair to all the parties.

### -SIGNATURE LINE ON NEXT PAGE-

---

[2] Sureties recognize that the Court indicated that it would issue decisions on the pretrial motions at the January 30, 2025 hearing. Dkt. 198.

1

2          **Dated:** February 10, 2024

3                                          **Respectfully submitted,**

4

5

6                                  By:  /s/ Stephen R. Cochell

7                                       Stephen R. Cochell

8                                       Attorney for Defendant
                                        JASON EDWARD THOMAS CARDIFF
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>SERVICE LIST</u>**

2

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN
SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO

3

AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O
NEXT GEN ELECTRONIC FILING SYSTEM:

4

5

E. Martin Estrada United
States Attorney Mack E.
Jenkins

6

Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein

7

Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz

8

Assistant United States Attorney Major Frauds Section
1100 United States Courthouse

9

312 North Spring Street
Los Angeles, CA 90012

10

Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

11

Amanda Liskamm

12

Director, Consumer Protection Branch Manu J. Sebastian
Trial Attorneys

13

Consumer Protection Branch
U.S. Department of Justice

14

450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742

15

E-mail: Manu.J.Sebastian@usdoj.gov

        Brianna.M.Gardner@usdoj.gov

16

17

                                                    */S/ Stephen R. Cochell*
                                                    Stephen R. Cochell

18

19

20

21

22

23

24

25

26

27

28