AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:23-CR-00021-JGB |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION FOR ORDER FORFEITING BAIL AND FOR SUMMARY ADJUDICATION OF OBLIGATION** |
| v. | |
| JASON EDWARD THOMAS CARDIFF, | Date: March 3, 2025<br>Time: 2:00 p.m. |
| Defendant. | Courtroom: 1 |

    Plaintiff United States of America, by and through its counsel of record, the Consumer Protection Branch of the United States Department of Justice and Trial Attorney Manu J. Sebastian, and the Acting United States Attorney for the Central District of California

1

and Assistant United States Attorney Valerie L. Makarewicz, hereby submits this reply in support of the Government's motion.

Dated February 18, 2025:             Respectfully submitted,

                                     AMANDA N. LISKAMM
                                     Director
                                     Consumer Protection Branch

                                     JOSEPH T. MCNALLY
                                     Acting United States Attorney


                                     ____/s/_____
                                     MANU J. SEBASTIAN
                                     Trial Attorney
                                     VALERIE L. MAKAREWICZ
                                     Assistant United States Attorney


                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

In his opposition to the government's motion for order forfeiting bail and for summary adjudication of obligation, defendant wants the Court to defer ruling until he returns to the United States of America. In essence, he wants to choose the date to return to the country and moot the government's motion.

Defendant was thrice ordered to return to the United States and the Court rejected defendant's argument that he needed to remain in Ireland. Now, defendant is a fugitive. The Court issued an arrest warrant and the government is moving to extradite him from Ireland. Regardless of his pleas otherwise, defendant willfully breached the conditions of his bond by failing to obey the Court's order to return and his sureties have done barely anything to have defendant return to the United States. The government continues to suffer cost, inconvenience, and prejudice as a result of defendant's breach. The Court should grant the government's motion.

Addressing defendant's statements that he cannot return to the United States before being treated, the Court has already considered this argument and rejected it.

> This Court has been and continues to be sympathetic to Defendant's unanticipated health problems, but the Court is unwilling to allow Defendant to remain in Ireland for a total of approximately seven months—if the Court grants this Motion—so that he may receive medical treatment that he is able to receive in the United States. The Court recognizes that Defendant does not have health insurance in the United States and that his treatment may be delayed while he obtains insurance and secures the medical specialists that he needs upon his return to the United States. (See Motion at 3.) However, the Court finds that although it may be difficult to secure medical insurance and care, it is not prohibitively so.

ECF 171, p. 4.

Even if defendant had a colorable factual argument, physical danger does not automatically justify setting aside a forfeiture. United States v. Sar-Avi, 255 F.3d 1163, 1168 (9th Cir. 2001); United States v. Abernathy, 757 F.2d 1012, 1016 (9th Cir.1985) (district court had discretion to deny remission of bond forfeiture where defendants allegedly failed to appear because they feared for their lives if they were eventually returned to the District of Florida). Defendant has not met his burden to prove that his departure and prolonged absence did not constitute a willful breach of his bond terms.

Other than two conversations with defendant, neither of the sureties have shown any further attempt to apprehend defendant or otherwise persuade him to return.[1]  Mr. Kennedy reports that he "thought that he should return to the United States."  Neither of the sureties are working with any urgency or earnestness in getting defendant to return to the country. Neither has made any further affirmative efforts to recapture defendant or to otherwise participate in his apprehension.

The third factor—cost and inconvenience to the government—also weighs against defendant.  The government can easily show both cost

---

[1] To be clear, prior to becoming defendant's surety, the government called Mrs. Murphy Cochell to discuss the consequences and responsibilities of being his surety.

As the defense states, the reason courts consider whether the surety is a professional is because a professional is "likely to be more aware of the risks." However, in Murphy Cochell's Declaration (Exhibit A), she expresses clear understanding that, as a surety, her house might be at risk if there were ever a violation of bond conditions. Despite the inconvenience, "[a] bail bond is a contract between the government and the defendant and his surety." United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978); see also United States v. Toro, 981 F.2d 1045, 1048 (9th Cir. 1992) (bail bonds are contracts for liquidated damages).

1  and inconvenience.  As a result of defendant's non-compliance,
2  resolution of the case against him, and any restitution to the
3  victims of his fraud is delayed.  Witnesses memories are fading.  The
4  government must pursue extradition, which not only costs time and
5  money for the government, but the same from the Irish government as
6  well.

7  Defendant argues that in Amwest Sur. Ins. Co., the Ninth Circuit
8  suggested that a defendant's ultimate appearance is a ground for
9  remittance, even if he was absent in prior proceedings." This is a
10 mischaracterization of the discussion and holding in Amwest. In fact,
11 the Ninth Circuit articulated the opposite:

> Amwest and Tito's stress that other courts have often granted remission when the defendant has been reapprehended, as Nash has been. See, e.g., Accredited Sur. & Casualty Co. v. United States, 723 F.2d 368, 369-70 (4th Cir. 1983) (remission of $ 50,000 of a $ 75,000 bond, where a recaptured defendant had failed to appear at a preliminary hearing); United States v. Bass, 573 F.2d 258, 260 (5th Cir. 1978) (bail bonds are not punitive; ultimate appearance of defendant is ground for remission even if defendant failed to appear for prior hearings). However, while those courts have placed a good deal of weight on the relationship between the amount of the bond and the ultimate cost to the government, we have not done so. Rather, we have recognized that where there has been cost and inconvenience to the government (as there was here) the amount need not be specified. That is consistent with this court's view that bail bonds are contracts for liquidated damages. See United States v. Toro, 981 F.2d 1045, 1048 (9th Cir. 1992). The hallmark of a liquidated damage provision is reasonableness at the time the agreement is made rather than a calculation of actual provable losses when the breach occurs. See, e.g., Cal. Civ. Code § 1671 (validity of liquidated damage clauses).

24 United States v. Amwest Sur. Ins. Co., 54 F.3d 601, 604 (9th Cir.
25 1995)(emphasis added).

26 Defendant additionally cites to United States v. Vaccaro, 51
27 F.3d 189 (9th Cir. 1995) to assert that bail bonds are not meant to
28 be punitive but rather to ensure that an accused will appear at a

3

later time. The full scope of the court's considerations and ultimate holding in Vaccaro, however, is that while it "agree[d] that generally 'the purpose of a bail bond is to insure that the accused will reappear at a given time,'" it did "not agree that forfeiture is limited only to situations where defendants fail to appear." United States v. Vaccaro, 51 F.3d at 192-193 (citing United States v. Toro, 981 F.2d 1045, 1049 (9th Cir. 1992) (internal quotation omitted)). For even "less" restrictive conditions than not appearing before the court pursuant to an order, courts have ordered forfeiture. "Various courts have held that forfeiture of bail bond is appropriate for violations of other conditions of release.)." Id. (citing United States v. Terrell, 983 F.2d 653, 656 (5th Cir. 1993) (violation of travel and drug possession condition); States v. Dunn, 781 F.2d 447, 451-52 (5th Cir. 1986) (violation of travel restrictions); United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979) (per curiam) (violation of travel restrictions); United States v. Nolan, 564 F.2d 376, 378 (10th Cir. 1977) (per curiam) (violation of travel and appearance conditions). Moreover, courts have specifically upheld forfeiture for violation of "break no laws" conditions. See United States v. Santiago, 826 F.2d 499, 505 (7th Cir. 1987).

It is important to note that the sureties may recover any losses directly from Defendant as they are jointly and severally liable for the bond amount. See Dkts. 22, 24. Once the bond is forfeited, the sureties may take legal action against Defendant for any losses they suffer due to his action or inaction. Defendant may also pay the bond directly.

For the above detailed reasons, the Court should grant the government's motion.

4