Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00021-JGB |
| Plaintiff, | JASON CARDIFF'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE OR MODIFY JUDGMENT |
| vs. | |
| JASON EDWARD THOMAS CARDIFF | Hearing Date:, April 21, 2025 |
| | Courtroom: 1 |
| | Time: 2:00 p.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 21, 2025, at 2:00 pm., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jesus Bernal, located at the United States District Court, Central District of California, Jason Cardiff will move this Court, pursuant to Federal Rule of Criminal Procedure Rule 49(f)(2), to set aside the Judgment For Plaintiff United States On Bail Bond Forfeiture With Respect To Defendant Jason Edward Thomas Cardiff And Sureties Lilia Murphy And Brian Kennedy.

Pursuant to Local Rule 7-3, Defendant's counsel provided timely written notice of this motion to counsel for Plaintiff, Valerie Makarewicz and Manu Sebastian. The parties conferred on March 18, 2025, and were unable to resolve the matters raised herein.

This Motion is based upon this Notice, the concurrently filed Memorandum of Points and Authorities, the accompanying Declarations and Exhibits, the files and records in this matter, and such additional evidence and argument as may be presented at or before the hearing.

Respectfully submitted,

*/s/ Stephen R. Cochell*
Stephen R. Cochell
SBN: 24044255
The Cochell Law Firm, P.C.
5850 San Felipe, Ste 500
Houston, Texas 77057
(346) 800-3500 – Telephone
srcochell@gmail.com

# MEMORANDUM IN SUPPORT OF JASON CARDIFF'S MOTION TO SET ASIDE JUDGMENT

Jason Cardiff, by and through his undersigned counsel, respectfully submits this In Support of his Motion to set aside the judgment entered by this Court on March 12, 2025. Dkt. 215.

The Government seeks a forfeiture of bail $530,000 based on Defendant's failure to appear for a motions hearing on January 30, 2025.

I. **Background Facts**

On January 19, 2025, the Court granted an Order Vacating Trial Date, Tolling of Speedy Trial Act, and Issuance of an arrest warrant. Dkt. 196.

Defendant previously made known to the Court that he suffered serious health conditions that required medical treatment while he was in Ireland. Dkt. 125. Mr. Cardiff advised the Court, and provided the Court with medical evidence that he is and was medically unfit to fly back to the United States. Id. at 2. Defendant's primary physician, Dr. M.S. recommended a three-to-four-month treatment plan to assure that Mr Cardiff could fly safely without risking even more serious health consequences. Dkt. 175. Mr. Cardiff submitted Dr. M.S.' report under seal and asked the Court to allow him to stay the additional time to protect his health.

The Court deemed the evidence submitted by Dr. M.S. to be insufficient as her report indicated that Mr Cardiff's symptoms "could" pose a risk of serious injury and that reduced cabin pressure and lower oxygen availability at altitude would greatly increase the <u>potential</u> for …complications. Dkt. 171 at 4.. On reconsideration, Defendant submitted further evidence from Dr. M.S. However, the Court held that the evidence was rejected because the email submission was "new" evidence that could not

have been submitted under L.R. 7-18.  Dkt. 171 at 2.

### I. Rule 46(f) Does Not Require Forfeiture of Property or Funds If Justice Does Not Require Forfeiture.

It is well established that the purpose of bail bonds is to make sure defendants show up for court, not to punish them or their families if they fail to appear. *United States v. Vaccarro,* 51 F.3d 189, 192 (9th Cir. 1988*); United States v Bass*, 573 F.2d 258, 260 (5th Cir 1978) ("The purpose of a bail bond is not punitive; it is to secure the presence of the defendant").  As set out below, this court has the discretion to set aside a forfeiture "in whole or in part" "if it otherwise appears that justice does not require the forfeiture."

In *United States v. Nguyen,* 279 F.3d 1112, 1115 (9th Cir. 2002), the Court noted that "The law on bail forfeiture is neither complex nor voluminous."   F.R. Crim. P. 46 provides that if there is a breach of a condition of a bond, the district court shall declare a forfeiture of the bail."   However, Rule 46 (e)(2) and (4) also provides that a district court:

> (2) …may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if *it otherwise appears that justice does not require the forfeiture*…. [and]
> (4) …may remit it in whole or in part under the [same] conditions….

*Id*. (emphasis supplied)

The *Nguyen* court set out six non-exclusive factors that may be considered in deciding whether to set aside or remit forfeiture of the bond.  These factors include: (1)The defendant's willfulness in breaching a release condition; (2) the sureties' participation in apprehending the defendant; (3) the cost, inconvenience, and prejudice suffered by the government; (4) mitigating factors; (5) whether the surety is a professional or a member of the family or friend; and (6) the appropriateness of the bond amount.

In *Nguyen*, while the Court set out non-exclusive factors that might be considered in evaluating whether Rule 46(f)(2) did not address the burden of proof to be applied where Rule 46(f)(2) is invoked. Rule 46(f)(2) specifically states: "if it <u>appears</u> that justice does not require the forfeiture" qualifies the remainder of the clause "justice does not require the forfeiture…." The term "appears" is significant because it sets out a lower standard of proof, suggesting that the decision is based on what *appears* to be just, rather than requiring definitive proof that justice does not require the forfeiture. The *Nguyen* court focused on whether the forfeiture should be set aside based on the facts at hand, but it did not address whether the "appears' language required the court to consider more leniently whether "justice did not require forfeiture." Indeed, the plain language "appears" to indicate proof that seems to be true, reasonable or plausible and does not require definitive proof. In cases involving statutory construction, the Court must start with the plain language of the words used as the legislative purpose is expressed by the ordinary meaning of the words expressed. *United States v. Lusby*, 972 F.3d 1032, 1041-1042 (9th Cir 2020) *citing Am. Tobacco Co. v. Patterson.* 456 U.S. 63, 68 (1982).

Thus, Rule 46(f)(2)'s inclusion of "appears" suggests that this Court does not need to be convinced to a high degree of certainty that forfeiture would be unjust, only that it appears, based on the circumstances, that forfeiture might not be warranted. This means that the standard for granting a setting aside of bail forfeiture is arguably a more flexible, discretionary standard.

In *United States v. Vickers*, 144 F. Supp. 3d 1146, 1150 (E.D. Cal.2015), the Court also noted that the purpose of the bail bond is not punitive. Rather a bond is to insure that the accused will reappear at a later time. Id. citing *United States v Vaccaro*, 51 F.3d 189, 192 (9th Cir. 1995). The *Vickers* court emphasized that the court must ensure that its decision remains free from frustration or vindictiveness. *Id. citing United States v. Parr*, 594 F.2d 440, 444 (5th Cir. 1979).

Defendant addresses the *Nguyen* factors that apply in his case.

### (1) Defendant's Willfulness in Breaching a Release Condition and Mitigating Factors

In *Nguyen*, defendant was arrested at work despite consistent claims that he could not surrender himself because he was at home recuperating from surgery. Id. at 1116. Similarly, in *United States v Abernathy*, 757 F.2d 1012, 1015 (9th Circuit), the Court found conduct to be willful where defendant fled nearly 1500 miles using aliases.

In the instant case, Defendant was granted a court order allowing him to travel to Ireland and was granted extensions to seek medical treatment. While the Court denied further extensions, Defendant was advised by his doctors that he was medically unfit to travel and that he would suffer greater injury if he returned to the United States. Dkt. 162. Dr. M.S. provided a 3-4 month treatment plan. Dkt. 175. Defendant recognized that the Court ordered his return but, at the time, concluded that if he returned without sufficient treatment, he would potentially suffer greater health consequences resulting in disability and lose his ability to support his family. Dkt 178, Defendant's Status Report.

As soon as the doctors find him fit to travel, Defendant fully intends to return to the United States. **Exhibit A**, Declaration of Jason Cardiff ¶ 3.

### (2) The Cost, Inconvenience, and Prejudice Suffered By The Government;

At this point, the Government has sustained limited cost or prejudice from Defendant's absence on January 19, 2025. Moreover, there is no evidence that the Defendant intends to do anything but get treatment in Ireland return. Defendant states he intends to return to the United States when he is deemed fit to travel by his physicians. Defendant has continued to report to Pretrial Services and has been available for court hearings via video conference.

### (3) The Appropriateness of The Bond Amount.

This factor addresses whether the bond amount was reasonable at the time of its

issuance.[1]

The reasonableness of the bond should also be evaluated in light of motions that seek dismissal of part or all of the indictment based on Supreme Court precedent. In sum, the bond should have been lower where, as here, the indictment was either vague or substantively defective. Pending before the Court are four motions that impact a determination of whether the bond was reasonable[2]: (a) Defendant's Motion to Dismiss Count Two of the Indictment (Dubin) Dkt 106; (b) Motion to Suppress Evidence (Dkt. 115); (c) Motion to Dismiss Counts 3 and 4 (Aguilar) Dkt. 134; and (d) Motion to Dismiss Based on Double Jeopardy (Dkt. 135). Each of these motions present substantial legal and constitutional challenges to the prosecution of this case. If any of these motions are granted, the reasonableness of the original bond would be subject to substantial modification or the issue rendered moot.

In the context of this case, due process requires that the Court rule on these motions *before* determining bond forfeiture. *See United States v $8850 in United States Currency*, 461 U.S. 555, 564 (1983) (Due process is flexible regarding the right to be heard at a meaningful time recognizing that the timing of a proceeding may impair and unfairly prejudice a party's ability to defend the propriety of a forfeiture).

At the Government's request, the Court vacated the trial date. The Government

---

[1] At the time of the initial bond hearing, the Government counsel argued that Mr. Cardiff fled to Ireland to avoid prosecution notwithstanding the fact that Mr. Cardiff made no secret of his intention to move to Ireland and, in compliance with the FTC order, gave notice to the FTC that he was moving to Dublin and later updated his address. Counsel obtained a copy of the hearing transcript, which showed that Magistrate Mircheff closely questioned government counsel and ultimately counsel conceded that Mr. Cardiff did not move to Ireland to avoid prosecution *because the indictment was sealed*. Dkt. 205, at 4, 7-8. Such arguments detract from credibility of Government counsel.

[2] Defendant recognizes that the Court indicated that it would issue decisions on the pretrial motions at the January 30, 2025 hearing. Dkt. 198.

will not suffer any undue prejudice or harm by delaying forfeiture enforcement while the Court determines key issues going to the validity of the indictment. Enforcing forfeiture prior to ruling on the pretrial motions would impose an irreparable financial burden on Defendant.

### 4. Conclusion

Defendant respectfully submits that the judgment must be modified to address resolution of the pre-trial motions. The process can be deferred or stayed for several months while his doctors complete the course of treatment necessary for his return. At that time, the Court will have more information and be in a better position to render a decision that is fair to all the parties.

WHEREFORE, Defendant requests this Honorable Court grant his Motion to Set Aside or Modify Judgment and to enter an Order deferring this matter until such time as the Court rules on Defendant's pretrial motions or Defendant's physicians certify him fit to travel.

**Dated:** March 19, 2025

**Respectfully submitted,**

By: /s/ Stephen R. Cochell
Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

COCHELL LAW FIRM

8

## SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF OF NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada United States Attorney
Mack E. Jenkins Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm Director, Consumer Protection Branch
Manu J. Sebastian Trial Attorneys Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
Brianna.M.Gardner@usdoj.gov

                /s/ *Stephen R. Cochell*
                  Stephen R. Cochell