# APPENDIX I

Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Craig A. Welin (State Bar No. 138418)
  cwelin@frandzel.com
Hal D. Goldflam (State Bar No. 179689)
  hgoldflam@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Receiver ROBB EVANS AND ASSOCIATES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>JASON CARDIFF, etc., et al.,<br><br>   Defendants. | Case No. 5:18-cv-02104-DMG-PLA<br><br>**RECEIVER'S SUMMARY ACCOUNTING WITH ALLOCATIONS**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Via Zoom<br>       Courtroom 8C,<br>       350 West 1st St.<br>Judge: Hon. Dolly M. Gee |

TO: THE HONORABLE DOLLY M. GEE, JUDGE OF THE UNITED STATES DISTRICT COURT.

This Court entered its chambers order on August 26, 2021 ("Chambers Order") [Doc. # 650], which provides for a filing by the Receiver as to the Receiver's final accounting for amounts concerning this Receivership estate, and for recommendations by the Receiver to the Court. The Court required the Receiver's filings by September 8, 2021. But, because of a serious illness and emergency hospitalization, the Receiver's filings in that regard have been delayed [Doc. # 652]. The Court accordingly extended the deadline for the Receiver's filings to September 19, 2021 [Doc. # 653].

The Receiver now files a portion of the Receiver's anticipated filings, the summary accounting, attached hereto as Exhibit 1 ("Summary Accounting").[1] The following is a brief orientation to the Summary Accounting.

**Poujade/TPI Re-Allocation**

The Court asked the Receiver to break out the fees caused to the receivership estate by the contemptuous behavior of Poujade which were the subject of a purge payment to the Receiver by True Pharmastrip ("TPI") [Doc. # 636]. That wrongful behavior by Poujade began the very first day that the Receiver, then a temporary receiver, went to the Redwood offices and interviewed Jason Cardiff. The Receiver and its legal counsel have gone back through all of the billings and invoices to date in this matter, identifying and breaking out the time and incurred by the receivership estate as a result of Poujade's contemptuous behavior.

The Summary Accounting then reallocates those charges during each reporting period, debiting the Poujade funds and showing how the Court could, in its

---

[1] The remainder of the Receiver's filings, including the backup for the Summary Accounting and the Receiver's recommendations, will be separately filed as soon as those materials can be finalized.

4342806v2 | 078410-0061

1

RECEIVER'S SUMMARY ACCOUNTING WITH ALLOCATIONS

discretion, credit the receivership entity that otherwise paid for those charges. So, for example, all of the Poujade-related charges in the first through third reporting period (October 10, 2018, to September 30, 2019) were allocated from Poujade back to the Redwood entities, from whose funds those charges were otherwise paid.[2] This approach realizes a balance of $235,846.76 in funds received from Redwood being available in the receivership estate under the Summary Accounting.

### Post April 21, 2021 Receiver's Remaining Fees and Costs

The attached Summary Accounting, Exhibit 1, reflects the Receiver's fees, costs, and expenses from and after April 22, 2021, through and including August 31, 2021, the last full accounting period to date, in the aggregate amount of $225,676.60. Further, the Summary Accounting provides for the estimated fees and costs for the Receiver to close out the estate from and after August 31 ("Remaining Fees") in the estimated amount of $68,358.50. The Remaining Fees should be paid first, and this Summary Accounting and the to-be-filed backup supporting it, including declarations, should be considered to be a fee application requesting such payments. The Summary Accounting then shows the remaining, surplus funds in the receivership estate after payment of the Remaining Fees (the "Surplus Funds"), leading to a discussion about and the options for the Court to consider concerning

---

[2] There is an interpretation of the Court's *Chamber's Order re Jacque Poujade, etc.*, dated July 20, 2021, para. 1 on page 8 [Doc. # 636] that identified Poujade-caused expenses ought to be reallocated only if they were paid from VPL funds, and not from funds claimed by Cardiff or other defendants. But, such Order is based on equity, and there is a paltry amount of Poujade-caused expenses that were paid from VPL funds, as shown on the Summary Accounting. On the other hand, a pre-receivership creditor of Redwood, Inter/Media, claims sizeable amounts are owed to it under a final state court judgment and settlement, and that it holds a lien on Redwood personal property assets in the receivership, which could include funds in the sum of $235,846.76 re-allocated from Poujade to Redwood, once the Receiver's Remaining Fees are paid. The Summary Accounting shows a possible accounting for those funds, in the Court's discretion, based on the facts and equities in this case to allow Inter/Media to assert its secured claim as to Redwood assets.

how to resolve claims to such Surplus Funds.

**Payment Source for the Remaining Fees**

The Court has expressed a view previously that the FTC should be responsible for payment of the Remaining Fees after April 21, 2021, and not the receivership estate assets. Cardiff and VPL endorse that view. The FTC does not, and has asked the Court instead to order that the funds in the receivership estate, rather than the FTC, should pay the Remaining Fees. Previously, the Receiver declined to become involved in that question. For purposes of this Summary Accounting, the Receiver would again decline to express an opinion on that topic and from whom payment of the Remaining Fees should come. That said, there are several observations that the Receiver has at the present time about this issue to share with the Court, concerning the Summary Accounting:

A. The Receiver's Summary Accounting needs to address payment of those Remaining Fees. It does so for illustrative purposes in either of two ways: (i) by paying them pro rata from the balances shown in the Summary Accounting in the columns for "VPL," for "Cardiff," and for "Biztank," as requested by the FTC; or (ii) should the Court decide to have the Remaining Fees paid as requested by Cardiff and VPL, by paying them separately as of August 31, 2021, assuming that none of the Remaining Fees are prorated or paid from the receivership estate assets. That non-prorated and unpaid August 31, 2021, balance is essentially the same as the "Balance before Receiver's Fees and Costs from 4/22/21 to 8/31/21" shown above the line items where receivership Remaining Fees are prorated and allocated to receivership estate assets for payment.

B. The column in the Receiver's Accounting for "VPL" reflects the remaining balance of funds ($70,783.04) to be held by and for the receivership estate after splitting the remaining VPL funds as of June 1, 2021, and transferring to VPL its portion as of that date. These funds essentially are Jason Cardiff's personal share of the previously split remaining VPL funds.

C. As argued by the FTC, most of the receivership estate Remaining Fees (from and after April 22, 2021) were in fact caused directly by the actions of, the complaints by, and filings of the Cardiff and VPL parties.

**Claims by Taxing Authorities/New IRS Claim**

Up until late Tuesday night (9/7/21) the Receiver knew of claims by taxing authorities in the low six figures, an amount that could have been addressed and paid through the remaining assets in the receivership estate. Then, late on September 7, 2021, the IRS sent to the Receiver an amendment to its prior proof of claim against Eunjung and Jason Cardiff. The prior claim the IRS had delivered to the Receiver on September 1, 2021, claimed that the Cardiffs owed the IRS $64,232.36. The amended IRS proof of claim received on September 7, however, now claims that Eunjung and Jason Cardiff owe the IRS the revised amount of $2,787,989.73, as a result of IRS's "most recent audit" (*See*, Exhibit 2 hereto) ("New IRS Claim").

**Issues re the New IRS Claim**

It is clear that the New IRS Claim is in excess of the balances in the receivership estate. There are insufficient funds in the receivership estate to pay the New IRS Claim in full. The New IRS Claim therefore raises a host of issues that have to be addressed. For instance, the New IRS Claim (Exhibit 2) asserts that some or all of the IRS claimed amounts are subject to a tax lien in favor of the IRS, and that the New IRS Claim has legal priority for payment from the Surplus Funds over the non-administrative claims of the other creditors of the receivership estate. As previously noted, there is only one receivership estate, one "qualified settlement fund" ("QSF"). The IRS may now be claiming the Surplus Funds in the receivership estate, in the QSF, after payment of the Remaining Fees.

That could set up a conflict with the claims of Inter/Media, secured or unsecured, to some or all of the funds related to Redwood and/or Cardiff. It also

could set up a conflict with the claims of Poujade/TPI for return of that money.[3]

It is likely that the Court will have to address the positions of the competing claimants to the Surplus Funds in the receivership estate, and resolve them.

**Conclusion**

The Receiver will provide a copy of this filing and the Summary Accounting, and any subsequently filed supporting materials, including the declarations and exhibits, to anyone who requests a copy of the Report in writing directed to Robb Evans & Associates LLC, 11450 Sheldon Street, Sun Valley, California 91352-1121. The Receiver also will post a copy of this filing and the Summary Accounting and all supporting materials, once filed, on the Receiver's website for this case at https://www.robbevans.com/find-a-case/redwood-scientific-technologies-inc-et-al/.

Dated: September 10, 2021          Respectfully submitted,

                                   FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                   MICHAEL GERARD FLETCHER
                                   CRAIG A. WELIN
                                   HAL D. GOLDFLAM


                                   By:  /s/ Michael Gerard Fletcher
                                        MICHAEL GERARD FLETCHER
                                        Attorneys for Receiver ROBB EVANS &
                                        ASSOCIATES LLC

---

[3] Note also that in recent days lawyers for allegedly defaulted TPI debenture holders of claims in excess of USD $3 million have appeared in this matter, whose clients appear to assert claims in this case for all of remaining the Poujade/TPI funds after the reallocation of those funds.

**EXHIBIT 1**

Recalculation per Judge Gee's Order using Poujade's funds

| | Total | J. Poujade | VPL | JC | Biztank | Redwood et al. |
|---|---|---|---|---|---|---|
| **1st through 3rd Reporting Period: 10/10/18-9/30/19** | | | | | | |
| Other Funds | 593,136.59 | | | | | 593,136.59 |
| Poujade | 1,205,984.80 | 1,205,984.80 | | 0.00 | 0.00 | |
| Expenses (Non-Receiver's Fee & Costs) | (11,084.85) | (11,084.85) | | | | |
| Payments of Receiver's Fees & Costs (1st & 2nd Fee Applications) | (427,680.22) | (427,680.22) | | | | |
| Adjustment per Judge Gee's Order - Receiver (1st & 2nd) | 0.00 | (21,195.90) | | | | 21,195.90 |
| Adjustment per Judge Gee's Order - Receiver's Lawyer (1st & 2nd) | 0.00 | (103,128.50) | | | | 103,128.50 |
| Balance as of 9/30/19 | 1,360,356.32 | 1,081,660.40 | | 0.00 | 0.00 | 278,695.92 |
| **4th Fee app 10/1/19 to 6/30/20** | | | | | | |
| VPL Expenses | (85,029.79) | | (85,029.79) | | | |
| Other Expenses | (6,781.61) | | | | | (6,781.61) |
| Payments of Receiver's Fees & Costs (3rd Fee Applications) | (147,919.51) | | | | | (147,919.51) |
| Adjustment per Judge Gee's Order - Receiver (3rd) | 0.00 | (13,689.90) | | | | 13,689.90 |
| Adjustment per Judge Gee's Order - Receiver's Lawyer (3rd) | 0.00 | (84,376.50) | | | | 84,376.50 |
| VPL Funds | 2,659,975.51 | | 2,659,975.51 | | | |
| Redwood et al. Funds (including Int) | 54,893.10 | | | | | 54,893.10 |
| Balance as of 6/30/20 | 3,835,494.02 | 983,594.00 | 2,574,945.72 | 0.00 | 0.00 | 276,954.00 |
| **5th Fee app 7/1/20-10/30/20** | | | | | | |
| VPL Expenses | (465,394.27) | | (465,394.27) | | | |
| Expenses (Non-Receiver's Fee & Costs) | (11,891.13) | | | | | (11,891.13) |
| Payments of Receiver's Fees & Costs (4th Fee Application) | (298,850.47) | | (258,969.27) | | | (39,881.20) |
| Adjustment per Judge Gee's Order - Receiver (4th) | 0.00 | (205.20) | | | | 205.20 |
| Adjustment per Judge Gee's Order - Receiver's Lawyer (4th) | 0.00 | (13,994.00) | | | | 13,994.00 |
| Biztank | 377,648.74 | | | | 377,648.74 | |
| Redwood et al. Income (Int) | 147.32 | | | | | 147.32 |
| JC | 37,149.00 | | | 37,149.00 | | |
| Balance as of 10/30/20 | 3,474,303.21 | 969,394.80 | 1,850,582.18 | 37,149.00 | 377,648.74 | 239,528.49 |
| **6th Fee app 11/1/20-4/21/21** | | | | | | |
| VPL Funds | 99,500.00 | | 99,500.00 | | | |
| Biztank | 30,000.00 | | | | 30,000.00 | |
| JC | 91,331.67 | | | 91,331.67 | | |
| Other Income (Int) | 388.27 | | | | | 388.27 |
| VPL Expenses | (1,129,438.13) | | (1,129,438.13) | | | |
| JC Living Expenses | (80,590.94) | | | (80,590.94) | | |
| Expenses (Non-Receiver's Fee & Costs) | (3,175.00) | | | | | (3,175.00) |
| Payments of Receiver's Fees & Costs (5th Fee Application) | (408,839.60) | | (408,839.60) | | | |

Page 1 of 2

| Recalculation per Judge Gee's Order using Poujade's funds | Total | J. Poujade | VPL | JC | Biztank | Redwood et al. |
|---|---|---|---|---|---|---|
| Payments of Receiver's Fees & Costs (6th Fee Application) | (273,238.19) | | (273,238.19) | | | |
| Adjustment per Judge Gee's Order - Receiver (6th) | 0.00 | (68.40) | 68.40 | | | |
| Adjustment per Judge Gee's Order - Receiver's Lawyer | 0.00 | (935.50) | 935.50 | | | |
| Expenses | (601.08) | (601.08) | | | | |
| Payment to VPL | (69,282.12) | (69,282.12) | | | | |
| **Balance before Receiver's Fee and Costs 4/22/21-8/31/21** | **1,730,358.09** | **968,390.90** | **70,783.04** | **47,889.73** | **407,648.74** | **235,645.68** |
| **Receiver's Fees and Costs 4/22/21-8/31/21** | | | | | | |
| **Aggregate Receiver's Fees and Costs, Prorated and Applied - $225,676.60** | | | | | | |
| Receiver's Fees | (36,991.80) | (5,095.80) | (4,289.58) | (2,902.20) | (24,704.22) | |
| Receiver's Lawyer's Fees | (182,759.00) | (17,783.50) | (22,186.95) | (15,011.04) | (127,777.52) | |
| Receiver's Costs | (4,469.00) | | (601.02) | (406.63) | (3,461.35) | |
| Receiver's Lawyer's Costs | (1,456.80) | | (195.92) | (132.55) | (1,128.33) | |
| **Balance as of 8/31/21** | **1,504,681.49** | **945,511.60** | **43,509.58** | **29,437.31** | **250,577.33** | **235,645.68** |
| **Estimate Receiver's Fees & Costs to Close, Prorated and Applied $68,358.50** | | | | | | |
| Receiver's Fees | (5,251.50) | | (706.25) | (477.83) | (4,067.41) | |
| Receiver's Lawyer's Fees | (46,000.00) | | (6,186.37) | (4,185.52) | (35,628.11) | |
| Receiver's Costs | (14,107.00) | | (1,897.20) | (1,283.59) | (10,926.21) | |
| Receiver's Lawyer's Costs | (3,000.00) | | (403.46) | (272.97) | (2,323.57) | |
| **Balance after Payments to Receiver, Prorated and Applied** | **1,436,322.99** | **945,511.60** | **34,316.30** | **23,217.40** | **197,632.01** | **235,645.68** |
| Fees & Costs Not Prorated and Applied - $225,676.60 & Estimate to Close | | | | | | |
| **Balance as of 8/31/21** | **1,730,358.09** | **968,390.90** | **70,783.04** | **47,889.73** | **407,648.74** | **235,645.68** |
| | | | | | | |
| Taxes Claimed by Various Taxing Authorities | (2,853,234.58) | | | | | |

# EXHIBIT 2

INTERNAL REVENUE SERVICE 

# FAX TRANSMISSION
## Cover Sheet

Date: September 07, 2021

**To:** Anita Jen

Address/Organization: Robb Evans & Associates

Fax Number: (818) 768-8802             Office Number: _____

**From:** Brown Leonard S Jr

Address/Organization: _____

Fax Number: (855) 863-4354            Office Number: _____

Number of pages: | 2 |   *Including cover page*

---

**Subject:** RE: Cardiff Proof of Claim

I have attached the amended proof of claim for Jason Cardiff to include the most recent audit. If you have questions let me know.

Leonard Brown
Bankruptcy Specialist
300 N Los Angeles St MS 5022
Los Angeles, CA 90012
Phone: 213-372-4287
Fax: 855-863-4354

This communication is intended for the sole use of the individual to whom it is addressed and may contain confidential information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited by the provisions of the Internal Revenue code. If you have received this communication in error, please contact the sender immediately by telephone. Thank you.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

Form **4490**
(Rev. 2-2005)

In the **District** Court
for the **Western Division**

Docket Number: **18-02104**

Kind of Proceeding: **RECEIVERSHIP**

**In the Matter of:**
CARDIFF EUNJUNG CARDIFF JASON
870 N. MOUNTAIN AVE, SUITE 115
UPLAND, CA 91786

Date of Petition: **11/08/2018**

Creditor Number:

Amendment No. 1 to Proof of Claim dated 09/01/2021

The undersigned officer of the Internal Revenue Service, a duly authorized agent of the United States in this behalf, being duly sworn, deposes and says that:

1. **CARDIFF EUNJUNG CARDIFF JASON** is justly and truly indebted to the United States in the amount of **$2,787,989.73** with interest and penalty as shown below.

2. This debt is for taxes due under the Internal Revenue laws of the United States as follows:

| Taxpayer ID Number | Kind of Tax | Period | Tax Due | Penalty Due | Interest Due | Date Tax Lien Arose |
|---|---|---|---|---|---|---|
| | WT-FICA | 12/31/2011 | $15,616.56 | $6,252.85 | $5,213.01 | 02/13/2012 |
| | BENE PLAN | 12/31/2012 | $18,895.63 | $0.00 | $4,163.88 | 02/15/2016 |
| | CORP-INC | 12/31/2013 | $0.00 | $1,170.00 | $195.95 | 10/06/2014 |
| | ~~BENE PLAN~~ | ~~12/31/2013~~ | ~~$9,448.86~~ | ~~$0.00~~ | ~~$1,741.39~~ | ~~02/15/2016~~ |
| | INCOME | 12/31/2014 | $1,658,549.00 | $817,593.10 | $247,615.27 | |
| | MISC PEN | 12/31/2016 | $0.00 | $1,459.93 | $74.30 | 08/26/2019 |
| | | | $1,702,510.05 | $826,475.88 | $259,003.80 | |

3. No part of this debt has been paid, and it is now due and payable to the United States Treasury at the Office of Internal Revenue Service;

4. Except for the statutory tax liens that arose on the above dates, the United States does not hold, to the deponent's knowledge or belief, any security for this debt;

5. No note or other negotiable instrument has been received for this debt or any part of it, nor has any judgment been rendered with respect to this debt; and

6. This debt has priority and must be paid in full in advance of distribution to creditors to the extent provided by law:See 31 U.S.C. Section 3713(a). Any executor, administrator, or other person who fails to pay the claims of the United States in accordance with its priority may become personally liable for this debt under 31 U.S.C. Section 3713(b).

(Notarize or witness if court requires)
**Subscribed and Sworn to Before Me On**

| Month | Day | Year |
|---|---|---|

Signature
/s/ LEONARD BROWN

| Title | ID Number | Telephone Number |
|---|---|---|
| Bankruptcy Specialist | 0845203 | (213) 372-4287 |

Address:
Internal Revenue Service
Insolvency Group 7, 300 North Los Angeles St, 5022
Los Angeles, CA 90012

Part 1 - For Court (or Fiduciary, if required by local procedures)

Form 4490 (Rev. 2-2005) Cat. No. 41704T

Page 1 of 1

# PROOF OF SERVICE (1)

### FTC v. Jason Cardiff
### Case No. 5:18-cv-02104

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On **September 10. 2021**, I served true copy(ies) of the **RECEIVER'S SUMMARY ACCOUNTING WITH ALLOCATIONS** the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

## SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **BY FAX TRANSMISSION:** I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (323) 651-2577. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order or on an agreement among the parties to accept service by E-Mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

4342806v2 | 078410-0061

6

RECEIVER'S SUMMARY ACCOUNTING WITH ALLOCATIONS

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **September 10, 2021**, at Los Angeles County, California.

*/s/ Sandra Young King*
Sandra Young King
sking@frandzel.com

**SERVICE LIST**
**FTC v. Jason Cardiff**
**Case No. 5:18-cv-2104**

**Electronic Mail Notice List**

- **Elizabeth J Averill**
  eaverill@ftc.gov

- **Peter Bisno**
  pbisno@bisnolaw.com

- **Michael Anthony Brown**
  tbrown@spertuslaw.com

- **Stephen R Cochell**
  srcochell@gmail.com

- **Christopher David Crowell**
  ccrowell@hrhlaw.com

- **Michael Gerard Fletcher**
  mfletcher@frandzel.com,sking@frandzel.com

- **Hal D Goldflam**
  hgoldflam@frandzel.com,dmoore@frandzel.com

- **Allan Howard Grant**
  allan@grants-law.com

- **Dolly Kae Hansen**
  dolly@spertuslaw.com

- **Lindsey M Hay**
  lhay@spertuslaw.com

- **Inter/Media Time Buying Corporation**
  ccrowell@hrhlaw.com

- **Michael W Kinney**
  mkinney@lblglaw.com

- **Shira D Modell**
  smodell@ftc.gov

- **Stacy Rene Procter**
  sprocter@ftc.gov

- **James A Prunty**
  jprunty@ftc.gov

- **Edwin Rodriguez**
  erodriguez@ftc.gov

4342806v2 | 078410-0061

8

RECEIVER'S SUMMARY ACCOUNTING WITH ALLOCATIONS

- **Elizabeth Jones Sanger**
  esanger@ftc.gov,csands@ftc.gov

- **James W Spertus**
  jspertus@spertuslaw.com,sluecf@spertuslaw.com

- **Jesse James Thaler**
  jessejthaler@gmail.com

- **Gerrick M Warrington**
  gwarrington@frandzel.com,sking@frandzel.com

- **Craig A Welin**
  cwelin@frandzel.com,bwilson@frandzel.com

- **James D White**
  jdw@jamesdwhitelaw.com

- **Williams, Jett**
  iwilliams@henkelawfirm.com

- **Henke. Charlie**
  chenke@henkelawfirm.com

**VIA FACSIMILE TRANSMISSION:**

- **Leonard S. Brown**
  (855) 863-4354

- **Amelia Puertas-Samara**
  (916) 319-1692

**VIA EMAIL:**

- **Leonard S. Brown**
  leonard.s.brown@irs.gov

- **Amelia Puertas-Samara**
  amelia.puertas-samara@edd.ca.gov

- **Jared Bissell**
  Jared.Bissell@troutman.com

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**VIA UNITED STATES MAIL:**

Leonard S. Brown
Bankruptcy Specialist
Internal Revenue Service
Insolvency Group 7
300 North Los Angeles St, #5022
Los Angeles, CA 90012

Amelia Puertas-Samara
Senior Tax Compliance Representative
Collection Division Bankruptcy Group, MIC 92E
Tax Branch, State of California
Employment Development Department
PO Box 826880 MIC 92S
Sacramento. CA 94280-0001