LORINDA I. LARYEA
Acting Chief, Fraud Section
MANU J. SEBASTIAN (NYBN 5390539)
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
    1400 New York Avenue
    Washington, D.C. 20005
    Telephone: (202) 514-0515
    Email: Manu.J.Sebastian@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>    Defendant. | No. 5:23-CR-00021-JGB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY DOJ TRIAL ATTORNEY AND TO STRIKE UNAUTHORIZED FILINGS**<br><br>Date:      January 26, 2026<br>Time:      2:00 p.m.<br>Courtroom:  1 |

Plaintiff United States of America, by and through its counsel of record, the United States Department of Justice, Criminal Division, Fraud Section Trial Attorney Manu J. Sebastian, and the First Assistant

United States Attorney for the Central District of California, hereby opposes Defendant's Motion to Disqualify DOJ Trial Attorney and to Strike Unauthorized Filings ("Motion to Strike" and "Mot.") (Dkt. 287) for the reasons detailed below in its Memorandum of Points and Authorities and for the reasons detailed in its past oppositions. See Dkt. Nos. 274, 275, 279.

Dated January 5, 2026:                Respectfully submitted,

                                      TODD BLANCHE
                                      Deputy Attorney General

                                      LORINDA I. LARYEA
                                      Acting Chief, Fraud Section
                                      Criminal Division
                                      U.S. Department of Justice

                                      BILAL A. ESSAYLI
                                      First Assistant United States
                                      Attorney


                                      ____/s/_____
                                      MANU J. SEBASTIAN
                                      Trial Attorney


                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................1

II.  LEGAL STANDARDS...............................................2

     A.   Motions for Reconsideration..............................2

     B.   The Drastic Measure of Disqualification..................3

     C.   Department Trial Attorneys Prosecutorial Authority.......4

III. ARGUMENT......................................................6

     A.   Defendant Fails to Provide an Applicable Change in Law
          that Permits Reconsideration.............................6

     B.   Department Attorneys Have Authority to Represent the
          Government in this case..................................8

     C.   Defendant's Assertions Regarding Prosecutorial
          Authority are Unsupported and His Filings are Rife
          with Citation Irregularities............................10

     D.   The Motion Should Be Denied Pursuant to the Fugitive
          Disentitlement Doctrine.................................13

IV.  CONCLUSION...................................................15

**TABLE OF AUTHORITIES**

**Federal Cases**

Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001) ..................... 3

Kona Enterprises, Inc. v. Est. Bishop, 229 F.3d 877 (9th Cir. 2000) ................................................................ 3

United States v. Besarovic, No. 2:12-cr-0004-APG, 2017 U.S. Dist. LEXIS 213791 *4 (D. Nev. Oct. 5, 2017) ...................... 13, 14

United States v. Bolden, 353 F.3d 870 (10th Cir. 2003) ......... 3, 4

United States v. Caggiano, 660 F.2d 184 (6th Cir. 1981) ........... 4

United States v. Comey, No. 1:25-cr-00272-MSN, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025) ........................................ 12

United States v. Gantt, 194 F.3d 987 (9th Cir. 1999). ........ 11, 12

United States v. Giordano, 416 U.S. 505 (1974) ................... 12

United States v. Giraud, Nos. 25-2635, 25-2636, 2025 WL 3439752 (3d Cir. Dec. 1, 2025) .......................................... 12

United States v. Martin, 226 F.3d 1042 (9th Cir. 2000) ............ 2

United States v. Mendez, No. CR-07-00011 MMM, 2008 WL 2561962 (C.D. Cal. June 25, 2008) ......................................... 2

United States v. Providence Journal Co., 485 U.S. 693 (1988) ..... 10

United States v. Shah, 43 F.4th 356 (3d Cir. 2022) ................ 4

United States v. Vlahos, 33 F.3d 758 (7th Cir. 1994) .............. 4

United States v. Weyhrauch, 544 F.3d 969 (9th Cir. 2008) ... 5, 7, 11

United States v. Whittaker, 268 F.3d 185 (3d Cir. 2001) ........... 4

United States v. Williams, 68 F.4th 564 (9th Cir. 2023) ........ 3, 4

United States v. Yeh, No. CR 10-00231-WHA, 2013 WL 2148572 *4 (N.D. Cal. May 15, 2013) ........................................ 13, 14

**Federal Statutes**

18 U.S.C. § 2516 ................................................. 13
18 U.S.C. § 3731 ................................................. 11
28 U.S.C. § 510 ................................................ 5, 8
28 U.S.C. § 515 ..................................... 4, 5, 7, 8, 10
28 U.S.C. § 519 .............................................. 11, 12
28 U.S.C. § 543 .................................................. 11

**Federal Regulations**

28 C.F.R. Part 0 ............................................... 8
28 C.F.R. § 0.13 ....................................... 5, 7, 8, 9

**Rules**

C.D. Cal. L.R. 7-18 ............................................ 3
C.D. Cal. L.R. 83-2.1.4 ........................................ 9
Fed. R. Civ. P. 60 ............................................. 2
Fed. R. Crim. P. 1 ............................................ 10
Fed. R. Crim. P. 41 ........................................... 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

There is no due process right to choose one's prosecutor. Nor should a fugitive, who is actively disobeying this Court's orders, be permitted to file repetitive and unsupported motions rife with citation irregularities. The current motion is Defendant's thirty-second filing since he failed to return to the United States as ordered by this Court almost a year ago.

Defendant's instant motion fails to show why the undersigned should be disqualified, let alone why all U.S. Department of Justice ("Department") Trial Attorneys should be disqualified from his prosecution when a United States Attorney or an Assistant United States Attorney are not assigned to the litigation. See Mot. at 10:15-17.

Though Defendant claims this motion is different than his past six filings, he repeats the same arguments this court has already rejected. See Dkt. Nos. 273, 276, 277, 278, 280, 282, 283. Defendant concedes his motion still concerns whether the undersigned "holds any valid statutory authority under 28 U.S.C. §§ 515, 543, 510, or 519 [sic]." See Mot. at 7 n. 2. Defendant claims the basis for "the present motion arises only after the Court's decision in *United States v. Ramirez* and concerns. . . whether the legally vacant status of the Office of the United States Attorney renders [the undersigned's] filings void." Id. Contrary to Defendant's claim, the decision in Ramirez held that filings made by an authorized Department attorney, like in this case, are valid. See United States v. Ramirez, No.5:25-cr-00264-SSS, Dkt. 56 (C.D. Cal. October 28, 2025).

Accordingly, the instant motion should be denied. Ramirez offers defendant no support, and his motion is an improper motion for

1

reconsideration. In addition, striking the Government's past filings as Defendant requests does not invalidate the Court's previous orders that were based on the Court's own findings.

## II. LEGAL STANDARDS

### A. Motions for Reconsideration

The Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, but the Ninth Circuit has held that motions for reconsideration may be filed in criminal cases. United States v. Martin, 226 F.3d 1042, 1047 n.7, (9th Cir. 2000); see Dkt. Nos. 171, 283.

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." United States v. Mendez, No. CR-07-00011 MMM 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008). This Court has previously held that "The Federal Rules of Civil Procedure do not provide for a Motion for Reconsideration but such motions may be properly considered . . . a Rule 60(b) motion for relief from judgment." See Dkt. 283 at 4 citing Hamilton Plaintiffs v. Williams Plantiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998).

> Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

2

Pursuant to Central District of California Local Rule 7-18, a motion for reconsideration of a decision may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is subject of the motion or application.

"Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Dkt. 283 at 4 (citing Kona Enterprises, Inc. v. Est. Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted)).

### B. The Drastic Measure of Disqualification

"The disqualification of Government counsel is a drastic measure"—one "a court should hesitate to impose . . . except where necessary." United States v. Bolden, 353 F.3d 870, 878 (10th Cir.) (citation modified).

> The doctrine of separation of powers requires judicial respect for the independence of the prosecutor. Such independence generally means that we do not have a license to intrude into the authority, powers and functions of prosecutors . . . Absent a violation of the Constitution, a federal statute, or a procedural rule, we do not dictate to the Executive branch who will serve as its prosecutors.

United States v. Williams, 68 F.4th 564, 571 (9th Cir. 2023) (citation modified).

To disqualify a prosecutor, the district court must make attorney-specific factual findings and legal conclusions. Id. at 573. "[W]e will

3

only thwart the will of the Executive branch when its behavior is not in accordance with law." Id. Disqualification of Department Trial Attorneys as a category of prosecutor would not only be drastic, but unprecedented. Courts do not "disqualify an entire office of federal prosecutors merely as a precautionary measure." Id. at 574. Importantly, "every circuit court that has reviewed an officewide disqualification has reversed." Id. at 572 (reversing officewide disqualification); see United States v. Bolden, 353 F.3d 870, 879 (10th Cir. 2003) (same); United States v. Whittaker, 268 F.3d 185, 194 (3d Cir. 2001) (same); United States v. Vlahos, 33 F.3d 758, 762-63 (7th Cir. 1994) (same); United States v. Caggiano, 660 F.2d 184, 190-91 (6th Cir. 1981) (same); cf. United States v. Shah, 43 F.4th 356, 360, 362-64 (3d Cir. 2022) (affirming denial of similar motion).

### C. Department Trial Attorneys Prosecutorial Authority

Pursuant to 28 U.S.C. § 515(a), Congress not only expressly permitted U.S. Department of Justice ("Department") attorneys to prosecute cases like United States Attorneys, but to prosecute cases without United States Attorneys:

> [t]he Attorney General or any other officer of the Department of Justice. . . may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

Congress further allowed the Attorney General, under 28 U.S.C. § 510, to "make such provisions as [s]he considers appropriate authorizing the performance by any other office, employee, or agency of the Department of Justice of any function of the Attorney General."

4

1 | Using the authority permitted by 28 U.S.C. § 510, the Attorney
2 | General delegated prosecutorial authority to Department attorneys in
3 | Section 0.13 of Chapter 28 of the Code of Federal Regulations:

> (a) Each Assistant Attorney General and Deputy Assistant Attorney General is authorized to exercise the authority of the Attorney General under 28 U.S.C. § 515(a), in cases assigned to, conducted, handled, or supervised by such official, to designate Department attorneys to conduct any legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not the designated attorney is a resident of the district in which the proceeding is brought.
>
> (b) Each Assistant Attorney General is authorized to redelegate to Section Chiefs the authority delegated by paragraph (a) of this section, except that such redelegation shall not apply to the designation of attorneys to conduct grand jury proceedings.

These provisions allow the Attorney General and other Department management "to give authority otherwise restricted to United States Attorneys to certain other attorneys, considerably expanding who may undertake those tasks." United States v. Weyhrauch, 544 F.3d 969, 974 (9th Cir. 2008).

Nowhere in Title 28 of the United States Code does Congress require the Attorney General to document the minutia of case assignments to prosecutors, nor does Chapter 28 of the Code of Federal Regulations require that any of the Attorney General's designees document case assignments to prosecutors.

//
//
//
//

5

**III. ARGUMENT**

    **A.    Defendant Fails to Provide an Applicable Change in Law that Permits Reconsideration.**

Defendant concedes that this motion is the same as his previous six filings in that he continues to question whether the undersigned "holds any valid statutory authority under 28 U.S.C. §§ 515, 543, 510 or 519 [sic]." See Mot. at 7 n. 2; see also Dkt. Nos. 273, 276, 277, 278, 280, 282. Defendant argues that because "[t]he *Ramirez* case was not decided until after the matter was submitted to the Court . . . the critical facts establishing the government's lack of authority did not exist and could not have been raised until the issuance of the *Ramirez* decision on October 28th, 2025 [sic]." Mot. at 22-23. Essentially, Defendant asserts United States v. Ramirez, No. 5:25-cr-00264-SSS, Dkt. 56 (C.D. Cal. October 28, 2025) permits him to request the Court reconsider its previous denials of Defendant's motion to strike and request for an order to show cause and his ex parte application to stay proceedings. Defendant now argues, based on Ramirez, "any order granting relief on a motion filed or opposed by Sebastian must be vacated" because "every filing at issue was personally signed by Sebastian, and every action he took occurred during a period when no United States Attorney existed to supervise him." Mot. at 23.

To have the Court reconsider its previous denials of motions discussing government authority, Defendant must show a change of applicable law occurring after the time of such decision. See L.R. 7-18(b). Though the decision in United States v. Ramirez was filed after defendant filed his previous motions, his reliance on Ramirez is misplaced. See Mot. at 6, 12-15. First, Defendant concedes that the

6

Ramirez decision is merely persuasive authority and not binding. See Mot. at 15. Thus, there is no actual change in law that permits or warrants reconsideration. Second, the Ramirez court focused on the eligibility of a First Assistant United States Attorney to serve under the Federal Vacancies Reform Act ("FVRA") during a vacancy in the Office of United States Attorney. The FVRA does not apply to the undersigned.

Third, the Ramirez court explicitly confirmed the Ninth Circuit's holding in United States v. Weyrauch, 544 F.3d at 974, "[u]nder 28 U.S.C. § 515(a) and 28 C.F.R. § 0.13(a), the Attorney General and other senior-level DOJ personnel can authorize department attorneys to conduct any legal proceeding which United States attorneys are authorized to conduct." Ramirez, Dkt. 56 at 52 (internal quotations omitted). Fourth, the Ramirez court confirmed that filings made by authorized department attorneys, like the undersigned, were valid even if there was "an infirmity in the appointment of the United States Attorney." Id. at 43. Finally, though the filings in the instant case are made in conjunction with the United States Attorney's Office for the Central District of California, the undersigned is not supervised by the United States Attorney for the Central District of California. Defendant acknowledges this fact and concedes "the United States Attorney has no authority to supervise a DOJ Trial Attorney." Mot. at 13 n. 5. Thus, Ramirez does not apply in the instant case.

Therefore, the Court should deny the present Motion to Strike because the motion is an improper motion for reconsideration that fails to provide any grounds for the court to reverse its prior rulings.

**B. Department Attorneys Have Authority to Represent the Government in this case.**

Department attorneys may be delegated authority to conduct criminal legal proceedings by an Assistant Attorney General, a Deputy Assistant Attorney General, or a Section Chief.[1] See 28 C.F.R. § 0.13. Department attorneys do not require a local United States Attorney or Assistant United States Attorney to prosecute cases. Id. Department attorneys are also not limited by residency restrictions and may prosecute cases across the United States. Id.

Here, the undersigned was a Trial Attorney for the Civil Division of the Department and then, effective November 30, 2025, a Trial Attorney for the Criminal Division. See Dkt. No. 286. As previously reported, under 28 U.S.C. § 510, the Attorney General delegated her authority to decide who conducts this litigation while the case was prosecuted by the Civil Division pursuant to 28 U.S.C. § 515 via 28 C.F.R. § 0.13 to the Deputy Assistant Attorney General ("DAAG") for the Enforcement & Affirmative Litigation Branch ("EALB") who was previously the DAAG over the Consumer Protection Branch ("CPB").[2] See Dkt. No. 279 at 4 n.2. This case was "assigned to, conducted, handled [and] supervised by such official" and that official continuously designated the undersigned as the responsible Department attorney for this case. See 28 C.F.R. § 0.13(a); see also Dkt. Nos. 275 at 4, 279 at 4 n.2.

---

[1] In his similar motion to strike filed in the Ninth Circuit, Defendant concedes that "[t]he Department of Justice's litigating authority. . . is exhaustively defined in 28 C.F.R. Part 0." United States v. Jason Edward Thomas Cardiff, Nos. 25-3616, 25-3781, Dkt. No. 29.1 at 7 (9th Cir.).

[2] The CPB underwent a name change in September 2025 and became the EALB. See Dkt. No. 275 at 4.

8

The Acting Director for the CPB and then the EALB also assigned the prosecution of this case to the undersigned pursuant to 28 C.F.R. § 0.13(b), and her name was listed in the signature section of most of the filings in question. See Dkt. Nos. 268, 274, 279, 284. Once this case was transferred to the Criminal Division Fraud Section on November 30, 2025, the Acting Chief for the Fraud Section, whose name is listed in the signature section of this and the other recent Government filings, designated the undersigned as the Department attorney responsible for this case pursuant to 28 C.F.R. § 0.13(b). See Dkt. Nos. 286, 288.

As previously indicated (Dkt. 275 at 4), the undersigned is duly admitted to practice in the District Court for the Central District of California pursuant to Local Rule 83-2.1.4, and entered a Notice of Appearance on November 28, 2023, indicating his employment with the U.S. Department of Justice. Dkt. 9. When the undersigned was reassigned to the Criminal Division a notice was filed pursuant to L.R. 83-2.4. See Dkt. No. 286. Defendant again fails to cite any evidence that indicates the undersigned is unable to represent the Government in this matter.[3]

//
//

---

[3] Defense counsel's request in his declaration that the Court take judicial notice of two private parties' website postings and his conclusory statements are improper. See Dkt. No. 287.1 ¶¶ 3, 9, 17. This Court has been clear that "the records of private parties have no [] imprimatur of reliability, and neither do their websites." Dkt. 267 at 10 n. 4. Declarations filed in this case repeatedly violate L.R.7-7 which mandates "[d]eclarations shall contain only factual, evidentiary matter." See Dkt. Nos. 287.1 ¶¶ 3, 9, 17; 278-1 ¶¶ 3-4; 273-1 ¶ 5.

9

**C. Defendant's Assertions Regarding Prosecutorial Authority are Unsupported and His Filings are Rife with Citation Irregularities.**

Not only are Defendant's allegations unsupported by the law, but he continues to cite hallucinated quotations in his pleadings because the law does not support his contentions.[4] For example, nowhere in Fed. R. Crim. P. 1(b)(1) does it define an attorney for the government as "an attorney appointed under 28 U.S.C. § 515" as defendant claims is a quotation of the rule. See Mot. at 11:4-6. Defendant also continues to use "Providence Journal, 485 U.S. at 700-01" as a citation to support legal propositions not discussed in United States v. Providence Journal Co., 485 U.S. 693 (1988). See Mot. at 20:26-21:1, 21:9-11, 22:14-19. This Court previously warned Defendant that Providence Journal Co., does not support his argument:

> Defendant cites no authority supporting his contention that Mr. Sebastian cannot properly litigate this case on behalf of the Government. . . United States v. Providence Journal Co. [ ] offers no on-point authority on this subject.[] 485 U.S. 693 (1988). That case involved actions by a Government attorney before the Supreme Court who did not have authorization from the Solicitor General as was required by statute and regulation. Id. at 694–95. Those specific statutes and regulations are not at issue in this case, which is before a District Court and not the Supreme Court. As such, Providence Journal Co. does nothing to support Defendant's contentions.

Dkt. No. 283 at 6-7.

Defendant makes a comparable false claim when he asserts:

> The Ninth Circuit's decision in *Gantt* makes it clear that, when challenged, the courts must place the burden of proving authority to act on the Government and the government [sic] must demonstrate that the SAUSA was properly appointed and authorized. *Gantt*, 194 F.3d at 991-92.

---

[4] Defendant previously cited a hallucinated quotation of the Court's Standing Order in his reply supporting his motion for an order to show cause and requested the Government be sanctioned for violating a rule he fabricated. See Dkt. No. 276 at 3:11-13.

10

1  Mot. at 18. This premise, however, is found nowhere within the case.
2  United States v. Gantt, 194 F.3d 987 (9th Cir. 1999). The pin cite that
3  Defendant provides (991-92) discusses Federal Rule of Criminal
4  Procedure 41(d)'s service requirement of a search warrant upon a
5  homeowner prior to the search occurring. Mot. at 18; see Gantt, 194
6  F.3d at 991-992. The overarching decision discusses the government's
7  authority pursuant to 18 U.S.C § 3731 to file interlocutory appeals,
8  and the certification of the United States Attorney that must accompany
9  interlocutory appeals. The instant motion is not a government appeal
10 governed by the certification requirements of 18 U.S.C § 3731. Gantt
11 is inapplicable to the instant motion, and Defendant was already
12 notified by this Court that certification required by 18 U.S.C. § 3731
13 is not relevant here. Explaining why United States v. Weyhrauch, 544
14 F.3d 969 (9th Cir. 2008), which also addressed 18 U.S.C. § 3731, was
15 inapposite, this Court wrote: "This case involves no certification of
16 an appeal." Dkt. 283 at 6-7. Gantt is inapposite to the current case
17 and provides no insight into the propriety of undersigned's appearance
18 in this matter.
19    Similar mischaracterizations and inaccurate citations are found
20 throughout the motion. Defendant claims that 28 U.S.C. § 519 "expressly
21 limits attorneys who can be delegated authority by the Attorney
22 General---United States Attorneys, Assistant United States Attorneys
23 and Special Attorneys." Mot. at 18. This is incorrect. Section 519
24 states that the Attorney General has **supervisory authority** over "all
25 United States attorneys, assistant United States attorneys, and special
26 attorneys appointed under Section 543." (emphasis added). The section
27 only discusses the Attorney General's overarching supervision authority
28 for certain attorneys and does not reference other Department

attorneys, nor does it discuss delegation of authority as Defendant asserts. Id. Section 519 is not an exclusive list of government prosecutors as Defendant claims. See Mot. at 10. In fact, Gantt confirms the supervisory function of 28 U.S.C. § 519 and confirms that a United States Attorney is not required for all litigation:

> United States Attorneys are inferior officers . . . Congress has granted the Attorney General plenary authority over United States Attorneys. . . The Attorney General has unfettered discretion to reassign cases from United States Attorneys to herself or to any officer of the Department of Justice.

Gantt, 194 F.3d at 999 (citation modified).

In addition, Defendant's Motion to Strike falsely claims that the holdings in United States v. Giraud, Nos. 25-2635, 25-2636, 2025 WL 3439752 (3d Cir. Dec. 1, 2025), and United States v. Comey, No. 1:25-cr-00272-MSN, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), support his argument. See Mot. 15-18. Those cases, however, involve the complex statutory schemes that govern temporary leadership in United States Attorneys' offices while there is no Senate-confirmed United States Attorney. These cases are inapplicable to Department attorneys like the undersigned.[5] Indeed, Defendant's pin cites (2025 U.S. App. LEXIS 31083 *21-22) from United States v. Giraud refer to portions of the decision that discuss the FVRA specifically, which does not apply to the undersigned. See Mot. at 15.

The cases that Defendant relies on to support his position, see United States v. Gantt; United States v. Giordano, 416 U.S. 505 (1974); United States v. Providence Journal Co.; United States v. Giraud;

---

[5] Defendant concedes "the United States Attorney has no authority to supervise a DOJ Trial Attorney." Mot. at 13 n. 5.

12

United States v. Comey; and United States v. Ramirez, involve the delegation of authority in situations where the express delegation or certification by an executive officer was required by statute (i.e., an interlocutory appeal under 18 U.S.C. § 3731, a wiretap under 18 U.S.C. § 2516, or an appointment to a Presidentially Appointed, Senate-confirmed position subject to the FVRA). They do not stand for the proposition that an express delegation or certification is required in the absence of a statutory requirement.

### D. The Motion Should Be Denied Pursuant to the Fugitive Disentitlement Doctrine.

This Court declared Defendant a fugitive on February 5, 2025, when he defied multiple court orders and refused to return to the United States.[6] As discussed in the Government's previous motions, the Court may bar Defendant under the fugitive disentitlement doctrine from having his Motion to Strike considered at this time. see Dkt. No. 181, 288; see also United States v. Yeh, No. CR 10-00231-WHA, 2013 WL 2148572 *4 (N.D. Cal. May 15, 2013). "[T]hose who have fled federal jurisdiction should not be entitled to avail themselves of the benefits of the court system." Yeh, 2013 WL 2148572, at *4; see also United States v. Besarovic, No. 2:12-cr-0004-APG, 2017 U.S. Dist. LEXIS 213791 *4 (D. Nev. Oct. 5, 2017).

---

[6] Despite this Court's orders confirming Defendant is a fugitive (Dkt. Nos. 196, 214 at 2, 217 at 2, 248 at 5, 267 at 4-5, 283 at 2), Defendant, in his appeal, falsely and repeatedly asserts that this "Court did not find that Appellant was a fugitive. . . the court implicitly denied the Government's non-existent request that Appellant be declared a fugitive. . . The Government's false representations, then and now, are nothing more than a cynical tactic by a Government prosecutor hoping to create a false narrative with the district judge and this Court." See United States v. Jason Edward Thomas Cardiff, Nos. 25-3616, 25-3781, Dkt. Nos. 23.1, 36.2 (9th Cir.).

13

> The four rationales for the fugitive disentitlement doctrine are:
>
> (1) assuring the enforceability of a judgement; (2) penalizing those who flout the judicial process; (3) promoting the efficient operation of the courts and deterring flights from justice; and (4) avoiding prejudice to the other side.

Besarovic, 2017 U.S. Dist. LEXIS 213791, at *5. "While the fugitive disentitlement doctrine is typically utilized in appellate proceedings, it has also been applied at the district court level." Id. (cleaned up). The decision to apply the doctrine rests in the discretion of the court. Id. The doctrine is equitable, not jurisdictional; therefore, the application of the doctrine is discretionary. Yeh, 2013 WL 2148572, at *4 (citing United States v. Van Cauwenberghe, 934 F.2d 1048, 1054-55 (9th Cir. 1991).

Defendant has filed thirty-two ex parte applications, motions, and replies and notices supporting his ex parte applications and motions in this Court, all while disobeying this Court's orders to return to the United States. See Dkt. Nos. 179, 180, 182-183, 185, 200, 207-209, 220, 223, 226, 228, 231-239, 246, 252, 272-273, 276-278, 280, 282, 287. Through his voluminous and repetitive filings, Defendant continues to tax the judicial system, all while remaining outside the jurisdictional reach of justice. In the interests of justice, this Court may issue an equitable remedy pursuant to the fugitive disentitlement doctrine preventing Defendant from using judicial resources while shielding himself from the jurisdictional reach of the courts. Denial of the present motion would deter Defendant's willful failure to comply with the Court's orders and incentivize his surrender to U.S. authorities.

**IV. CONCLUSION**

The Defendant has not met the high burden required to merit reconsideration of this Court's previous rulings. For that reason and the foregoing reasons, the Government respectfully requests the Court deny Defendant's Motion to Strike.

Dated January 5, 2026:                    Respectfully submitted,


                                          TODD BLANCHE
                                          Deputy Attorney General


                                          LORINDA I. LARYEA
                                          Acting Chief, Fraud Section
                                          Criminal Division
                                          U.S. Department of Justice


                                          BILAL A. ESSAYLI
                                          First Assistant United States
                                          Attorney


                                          ____/s/_____
                                          MANU J. SEBASTIAN
                                          Trial Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA